JOHN S. BARNES, INC., a Corporation, v. PADUCAH BOX & BASKET CO., Inc., a Corporation.

2 So. (2nd) 861
En Banc
Opinion Filed May 30, 1941
Rehearing Denied July 2, 1941

*John R. Trinkle* and *Mabry, Reaves, Carlton & White,* for Plaintiff in Error;

*McKay, MacFarlane, Jackson & Ferguson,* for Defendant in Error.

BUFORD, J.—In this case writ of error is taken from a final judgment entered in favor of the defendant in error in the sums of $602.01 and $107.95 interest.

The declaration alleged that John W. Gallagher purchased from the Paducah Corporation 6,000 strawberry crates for $602.01, payment for which was guaranteed in writing by the Barnes corporation. Gallagher failed to pay. The Paducah corporation was requested to notify the Barnes corporation of this failure within three weeks from default in payment. The crates were shipped on January 13, 1937. The terms of shipment were "2% 10 days, net 30 less 5% dealers disct." Plaintiff advised defendant that if crates were not paid for within two weeks it would notify defendant. Due to flood conditions interrupting mail service, it was unable to do so until February 15, 1937. The Barnes corporation then refused to pay the amount. A demurrer was filed to the declaration on the grounds that the Paducah Corporation failed to give proper notice or sufficient excuse for non-compliance. Demurrer was overruled. Defendant then filed several pleas and trial was had upon the issues made. Verdict was rendered for Paducah Corporation. Motion was made for a new trial, which was denied.

One of defendant's pleas put in issue the execution of the contract; another denied that the Barnes corporation guaranteed payment of the account as alleged. The fifth plea averred that the crates were not purchased by Gallagher individually nor shipped to him nor received by him, but by the Dover Growers Association and that the Barnes corporation had not guaranteed the account of Dover Growers Association.

The sixth plea averred that Dover Growers Association was insolvent and had made an assignment for

benefit of creditors and that defendant had not guaranteed payment for Dover Growers Association.

The tenth plea was a denial of the allegations that the Paducah Corporation was prevented by flood from giving defendant the necessary notice.

The contract involved consisted of two letters, one from John S. Barnes, Inc., to Paducah Box & Basket Co., Inc., as follows:

"JOHN S. BARNES, INC.
Growers, Packers, Shippers
PLANT CITY, FLORIDA
January 8, 1937

"Paducah Box & Basket Company,
"Paducah, Kentucky.
"Gentlemen:

"Mr. John W. Gallagher of Dover, Florida, has requested that we guarantee the payment of one car of strawberry crates which he has purchased for you. We hereby authorize you to ship one car, of approximately six thousand crates, to Jown W. Gallagher and guarantee payment of your invoice. Kindly advise us whether or not this car has been paid for after an elapse of two weeks, and should same remain unpaid at the expiration of three weeks, again notify us in order that we may protect ourselves.

"Yours very truly,
"JOHN S. BARNES, INC.,
"By: J. A. Morgan, Jr."

And the other, reply to that letter, as follows:

"Jan. 11, 1937.

"Jno. S. Barnes, Inc.,
"Plant City, Florida.
"Gentlemen:

"We have your letter of the 8th, in which you state

you will guarantee the payment of one car of strawberry crates—for John W. Gallagher of Dover, Florida.

"We appreciate very much your guaranteeing this account, and when we make shipment of this car, we will so notify you with copy of invoice. And as you advise, should this account not be taken care of after the elapse of two weeks, we will notify you, that you may protect yourself in the payment of same.

"Yours truly,
"PADUCAH BOX & BASKET CO."

As we construe the letter from John S. Barnes, Inc., to Paducah Box & Basket Co., it constituted an unqualified guarantee of the payment of the invoice for one car of strawberry crates purchased by John W. Gallagher of Dover, Florida.

The letter from Paducah Box & Basket Co. to John S. Barnes, Inc., constituted an acceptance of the guarantee and also an obligation to advise John S. Barnes, Inc., should the account not be taken care of after the elapse of two weeks.

There is nothing in the contract to indicate that the guarantee by John S. Barnes, Inc., was conditioned upon being notified of default within a stated period. But, even if the contract should be so construed, the record shows that delay in notification, if delay occurred, was due to an act of God, to-wit: flood conditions precluding the plaintiffs from carrying on their business in an orderly manner. We say, "if delay occurred" because, as heretofore stated, the invoice showed the terms of sale to be net 30 days less 5% dealers discount, and was dated January 13, 1937. Therefore, a reasonable and logical conclusion is that

no default in payment existed until February 12, 1937, thirty days after the date of the invoice and notice of default was therefore given three days after default.

There is ample evidence to show that the sale was made to John W. Gallagher; that the invoice was to "John W. Gallagher, Agt., Dover, Gro. Assn.," and that the carload of crates was received and used by John W. Gallagher. It is immaterial whether Gallagher was acting for himself or as agent for Dover Growers Association, because the record shows he acted in his own name and not in the name of the Association.

The record shows that the contract of guaranty was executed within the charter powers of the corporation; that the goods were sold and delivered on the strength of the guaranty. The contention that John S. Barnes, Inc., is not bound by the guarantee hereinbefore quoted is not tenable. The record shows that the guarantee was signed and mailed to the plaintiff in the regular course of business and by an agent of the defendant acting within the scope of his apparent authority. See Hartford Fire Ins. Co. v. Brown, 60 Fla. 83, 53 Sou. 838; Eagle Fire Co. v. Lewallen, 56 Fla. 246, 47 Sou. 947; American Lead Pencil Co. v. Wolfe, 30 Fla. 360, 11 Sou. 488; T. G. Bush Grocery Co. v. Conely, 61 Fla. 131, 55 Sou. 867; Fisher v. Grady, 131 Fla. 1, 178 So. 852; Fidelity & Cas. Co. of N. Y. v. D. N. Morrison Construction Co., 116 Fla. 66, 156 Sou. 385; Reese v. Levin, 124 Fla. 96, 168 Sou. 851.

In Beekman v. Sonntag Inv. Co., 67 Fla. 293, 64 Sou. 948, this Court said:

"The acts of an agent, performed within the scope of his real or apparent authority, are binding upon his principal. The public have a right to rely upon an agent's apparent authority and are not bound to in-

quire as to his special powers, unless the circumstances are such as to put them upon inquiry."

Default occurred and although the guarantors were notified of default within reasonable time, payment was refused.

Liability was established.

We do not deem it necessary to discuss in detail the other questions presented in briefs. We have carefully considered each of them and hold that the record discloses no reversible error.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, TERRELL, THOMAS and ADAMS, J. J., concur.

BROWN, C. J., and CHAPMAN, J., dissent.