117 So.2d 230 (1960)
Eve LEE and Morris Rosenberg, As Trustees, et al., Appellants,
v.
Sidney RUBIN and Joel Miller, Appellees.
No. 1331.
District Court of Appeal of Florida. Second District.
January 20, 1960.
*231 John L. Britton, Fort Lauderdale, Harry L. Durant; Feibelman, Friedman, Hyman & Durant, Miami, for appellants.
R.T. Shankweiler and J.B. Patterson, Fort Lauderdale, for appellees.
ALLEN, Chief Judge.
This is an appeal from the granting of a directed verdict and judgment thereon in favor of the appellees who were the defendants in the lower court.
The appellants filed a complaint in which they alleged that the defendants executed to South Florida Tile & Terrazzo Distributors, Inc., a guaranty on May 1, 1956, wherein they guaranteed payment of all debts of a Florida corporation known as Popular Tile & Terrazzo Co., Inc.; that subsequent to the execution of the guaranty, goods were sold and delivered by South Florida Tile & Terrazzo to Popular Tile & Terrazzo in the sum of $5,180.84; that South Florida Tile & Terrazzo was dissolved and its accounts receivable, including the above claim, were assigned to the plaintiffs. The plaintiffs thus claimed damages of $5,180.84 against the defendants for the non-payment as guarantors of this sum.
The defendants, in their answer and amended answer, alleged as defenses that the guaranty was a special guaranty and therefore, non-assignable; and that the guaranty was void for lack and failure of consideration.
Both parties then moved for summary judgment and both motions were denied by the lower court. Thereafter, at a pre-trial conference, the following items were mutually agreed upon:
1. The execution and delivery of the guaranty by the defendants.
2. The amount of the claim was reduced to $4,985.07 and that merchandise in this amount was actually furnished by the plaintiffs or the corporations named in the guaranty.
3. That the three corporations for whose benefit the guaranty was executed and also named in the guaranty, to-wit: South Florida Tile & Terrazzo Dist., Inc.; Miami Tile Distributors, Inc.; and Miami Terrazzo Distributors, Inc., were all voluntarily dissolved and that their assets were sold and transferred ultimately to the plaintiffs.
Only one witness, Barney Lee, testified for the plaintiffs. He stated that he was general manager for the plaintiffs; that he obtained the guaranty from the defendants and that thereafter the plaintiffs continued to sell goods to Popular Tile & Terrazzo Co., Inc.; that goods in the agreed amount were actually sold to Popular Tile & Terrazzo; that South Florida Tile & Terrazzo Company transferred its assets to Miami Tile Distributors, Inc.; and that Miami Tile Distributors, Inc., sold its assets, including the present claim, to the plaintiffs. The plaintiffs then rested their case. The defendants moved for and were granted a directed verdict. The court entered final judgment thereon making the following findings:
*232 1. That the guaranty was special in nature in that it was directed specifically to three named and designated corporations.
2. That this suit involves no credit extended by any or either of the named and designated corporations.
3. That although the plaintiffs are successors to the assets of the three corporations, the guarantee cannot be the subject of sale, transfer or assignment as other assets.
4. That the evidence does not show that the plaintiffs extended credit to the Popular Tile and Terrazzo Company on the strength of the guaranty, nor does the evidence show that the defendants influenced the plaintiff upon the strength of the guaranty and in reliance thereon to extend credit.
The guaranty was directed to three corporations as mentioned previously, to-wit:
Miami Tile Distributors Inc.
Miami Terrazzo Distributors, Inc.
South Florida Tile & Terrazzo Dist., Inc.
and provided that Sidney Rubin and Joel Miller "do hereby guarantee full and punctual payment to the above companies for all indebtedness which Popular Tile & Terrazzo Company has incurred, or may incur, for the purchase of merchandise from the above companies." The guaranty provided that it was a continuing guaranty and was dated May 1, 1956.
The three corporations named in the guaranty were all dissolved by September 18, 1956. According to the pre-trial stipulations, South Florida Tile & Terrazzo Distributors was dissolved June 22, 1956, and had previously sold its assets to Miami Tile Distributors, Inc., by bill of sale dated May 25, 1956; Miami Terrazzo Distributors, Inc., was legally dissolved on June 22, 1956, after having previously also sold its assets to Miami Tile Distributors by bill of sale dated May 25, 1956; and thereafter Miami Tile Distributors, Inc., was legally dissolved on September 18, 1956. The assets of Miami Tile Distributors, Inc., were sold to the plaintiffs by bill of sale dated May 31, 1956.
The appellees contend in their brief that the ledger sheets introduced into evidence at the trial by the plaintiffs show that $19,000 was the maximum amount which could possibly be incurred by the vendor guaranteed by the defendants prior to September 18, 1956 (the date after which none of the corporations mentioned in the guaranty were in legal existence) and since it affirmatively appears from the ledger that approximately $28,500 was paid on behalf of the principal debtor on this account, by applying the rule of accounting, the "first in, first out" rule, the first incurred debt of $19,000 was paid. This rule of accounting was agreed to by counsel of the respective parties during the trial. (T. 36; A.12) We shall not pursue the factual situation further, however, as the guaranty contract filed in evidence shows it to be a special guaranty. We have been cited to no Florida case on point by briefs of the parties or during oral argument nor do we find one by our own research.
A study of the authorities, both textbook and judicial, shows that the majority view is that an instrument such as is involved in this case is a special guaranty and not assignable.
Stearns Law of Suretyship by James L. Elder, 1951 Ed., § 4.3, page 62, defines guaranties as follows:
"Guaranties may be divided into two classes, general and special. An instrument of guaranty addressed to all persons generally, or `to whom it may concern', may be enforced by anyone to whom it was presented who acts upon it. The law creates a privity of contract between the promisor and the one who makes advances upon the faith of the promise. Such an instrument is by the custom of mercantile transactions drawn for the express purpose of being shown to others who may wish to make advances or extend credit in reliance *233 thereon and, after this purpose has been accomplished, it would be giving legal countenance to the perpetration of a fraud to withhold a remedy against the promisor. * * *
* * * * * *
"A general guaranty is assignable and may be enforced by the assignee who makes advances relying upon it or the assignee may recover upon the guaranty for past advances if the cause of action on such advances be also assigned to him. * * *
"§ 4.4 Special Guaranties.
"A guaranty is special when it is addressed to a particular person, firm or corporation, and, when so addressed, only the promisee named in the instrument acquires any rights under it. However, the promisee need not necessarily be named in the instrument.
"A special guaranty is subject to the very strict rules of construction of written instruments which prevent the use of parol proof to vary their recitals because it implies a trust placed by the guarantor in the particular person addressed. Thus, one making advances under such a special guaranty will not be permitted to show that it was intended for him though by mistake addressed to another."
Whitney, Law of Modern Commercial Practices (1958) § 581, page 825, states under the title "The Surety's Defenses," the following:
"(a) Change in Identity of Creditor or Principal. As a general rule a surety who guarantees that a firm composed of particular named individuals will do certain acts, or discharge certain duties, cannot be held liable where there is a change in the firm membership, although the firm name is not changed. A court in the state of Washington has stated the rule as follows: `As the surety's liability is strictissimi juris, and cannot be extended by construction, his guaranty to a partnership is extinguished if any partner is taken into or retires from the partnership, unless it appears from the terms of the instrument that the parties intended the guaranty to be a continuing one, without reference to the composition of the firm.'
* * * * * *
"It is the general rule that where an obligee is a corporation which merely changes its name, the surety bond remains effective. But that rule has been expressly limited to corporations consolidating under statutes providing for succession to rights and liabilities and carrying on the same business."
In 24 Am.Jur., Guaranty, § 61, pp. 914, 915, the rule is stated as follows:
"Transferability of Guaranty as Affected by Character as General or Special.  In order to be transferable, as above stated, the guaranty must be general in character. If a guaranty names as obligees certain definite persons, the obligation thereof may not be enforced by any persons other than those who have been designated. Thus, if a guaranty covers future credit which is to be extended by a specified individual, it may not be transferred to another person so as to enable him to become the creditor who is secured by the guaranty. Where the person who is named as obligee has transferred his business to another, and the latter has continued to extend credit to the person for whose benefit the guaranty was executed, the guarantor may be held liable for indebtedness which is shown to have been created by the extension of credit prior to the transfer, but not for indebtedness which accrued thereafter."
For further discussion of the law of guaranty see the case of Burkhardt v. Bank of America National Trust & Savings Ass'n, 127 Colo. 251, 256 P.2d 234, *234 and the extensive annotations following this case in 41 A.L.R.2d 1207.
The guaranty contract being special in nature and accordingly non-assignable, we hold that the lower court should therefore be affirmed.
Affirmed.
SHANNON, J., and MORROW, R.O., A.J., concur.