PER CURIAM.
In an action on a guaranty contract, which was tried without a jury, judgment was entered for the defendant and the plaintiff appealed.
The determinative question is whether the instrument sued on was a guaranty of payment or was a guaranty of collecti-bility. The former is enforceable without first exercising diligence by proceeding against the principal obligor as required in the case of a guaranty of collectibility. *411 See Fegley v. Jennings, 44 Fla. 203, 42 So. 873. The instrument involved in this case was as follows:
“In consideration of the approval of and consent to the assignment of that certain sublease between ALBERT LUCKEY, also known as AL. B. LUCKEY, as Sublessor, .and RAYMOND F. ZABRISKIE and CLARENCE L. ZABRISKIE, Sublessees, dated October 1, 1950, by BEACON MARINE CORP., a Florida corporation, the present holder thereof, by assignment to JAMES E. THORNTON and CLIFFORD A. SMITH, covering the premises occupied by BEACON BOAT STORAGE at 260 S. W. North River Drive, Miami, Florida, and of the sum of One ($1.00) Dollar to the undersigned in hand paid by the said LUCKEY, the undersigned DODGE, INCORPORATED, an Illinois corporation, hereby guarantees to the said ALBERT LUCKEY, also known as AL. B. LUCKEY, his heirs, executors, and administrators and assigns, the payment of the rental provided for in the aforesaid lease and the performance of all provisions of said lease by the said JAMES E. THORNTON and CLIFFORD A. SMITH, PROVIDED, that notice of any default therein by the said THORNTON and SMITH shall be given by the said LUCKEY to the undersigned in writing at 380 N. E. 60th Street, Miami, Florida, but such notice of default shall not be deemed requisite if the said LUCKEY shall desire to extend the time for the performance of any of the terms and conditions of said sublease.
“IN WITNESS WHEREOF, the undersigned corporation has caused these presents to be signed by its President and its corporate seal to be hereunto affixed this 31st day of December, 1953.”
While the judgment does not state the ground upon which it was granted, the record shows the ground was want of such diligence by the plaintiff. In so holding the trial judge was in error. The language of guarantee here was not conditioned, and it was entitled to be construed as a guarantee of payment. The provision therein for notice of default did not make it otherwise. No time was provided within which such notice should be given, and the record reflects that notice of default in fact was given. John S. Barnes, Inc. v. Paducah Box & Basket Co., 147 Fla. 362, 2 So.2d 861.
Accordingly the judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.