PER CURIAM.
Trial of this cause without a jury resulted in a judgment for $60,151.37 against the appellants Underwriters Management Corporation and Charles S. Tobin and David L. Tobin. The basis for judgment against the individuals was as guarantors.
Thereafter the trial court vacated the judgment as to the individuals, and granted them a new trial with provision that “the issue of whether the guaranty was a general or special Guaranty shall be set for trial by this court on a date certain by subsequent order of this court.”
On retrial as thus provided for the court reinstated the judgment against all three defendants. That order, omitting the part restoring judgment against the defendants, was as follows:
“This cause having come on for final hearing before the court, without a jury on the issue of general or special guaranty pursuant to order setting aside judgment as to Charles S. Tobin and David L. Tobin, individually, dated June 3, 1965, the court having heard the testimony of witnesses on the 10th day of August, 1966; having considered the evidence offered by the parties; having examined the authorities cited by counsel hereto, and having heard argument by counsel for all parties hereto, and the court being otherwise duly and fully advised in the premises, finds against the defendants, Charles S. Tobin and David L. Tobin, on the issue of general or special guaranty, and in so doing the court specifically finds that it is immaterial in this cause whether or not the guaranty in question is a general or special guaranty. If .it is a general guaranty, it was freely assignable. If on the other hand it was a special guaranty, this court finds that the assignment to which the defendants object, took place after a breach giving rise to liability, after a cause of action had arisen, and suit had been instituted thereon; and therefore the defendants cannot complain of the assignment, * * * ”
Appellants contend that by granting a new trial on the stated issue the trial court fixed the law of the case to be that if it should be shown the guaranty was special, recovery could not be had by the plaintiff as assignee thereof (Lee v. Rubin, Fla.App.1960, 117 So.2d 230), and therefore the court erred in subsequently holding it was immaterial whether the guaranty was general or special. We reject that argument as unfounded. The basis for that holding, as explained in the trial court’s order, was that the assignment was shown to have been made “after a breach giving rise to the liability, after a cause of action had arisen and suit had been instituted thereon.” In imposing liability of the guarantors on that basis the trial court was not in error. Burkhardt v. Bank of America National Trust Savings Association, 127 Colo. 251, 256 P.2d 234, 41 A.L.R.2d 1207; 38 C.J.S., Guaranty § 42c, Special Guaranty.
*487 Contentions presented by the appellants, (1) that the court erred in refusing to transfer the cause to equity and (2) that the evidence was insufficient to support the judgment, were considered in the light of the record and briefs and found to be without merit.
Affirmed.