**FINANCEAMERICA PRIVATE BRANDS, INC., Assignee of GTE Sylvania Incorporated, formerly known as Sylvania Electric Products, Inc., Plaintiff,**

v.

**HARVEY E. HALL, INC. and Harvey E. Hall, a/k/a H. Earl Hall and Anna Belle Hall, Defendants.**

Superior Court of Delaware,
New Castle.

Submitted Nov. 10, 1977.

Decided Nov. 30, 1977.

---

Thomas G. Hughes of O'Donnell & Hughes, P. A., Wilmington, for plaintiff.

John H. Benge, Jr., and Clement C. Wood of Allmond & Wood, Wilmington, for defendants.

CHRISTIE, Judge.

This matter is before the Court on a motion for summary judgment by the defendant, Anna Belle Hall.

The pertinent facts are not in dispute. Harvey E. Hall, Inc. (HEH, Inc.) was an appliance store which purchased appliances from Sylvania Electric Products, Inc. (Sylvania). Using what appears to be a conventional commercial floor plan agreement, the costs of acquiring the goods were financed by John P. Maguire & Co., Inc. (Maguire).

As additional security, Sylvania and Maguire required that Harvey E. Hall and his wife, Anna Belle Hall, personally guarantee the debts of HEH, Inc. to the amount of $25,000. The Halls met this requirement on

July 29, 1966 by signing a form entitled "Guaranty of Past and Future Indebtedness" with Sylvania Electric Products, Inc. and/or John P. Maguire & Co., Inc. as addressees. The signatures on this form are not challenged.

Approximately two years after the execution of the guaranty, Maguire assigned all its rights and interest in the financing plan, including the guaranty in question, to plaintiff, FinanceAmerica Private Brands, Inc. (FIN.AM.). On April 9, 1976, FIN.AM. took all rights, title and interest of GTE Sylvania (formerly Sylvania Electric Products, Inc.) to the guaranty by assignment.

It appears that in 1968, when FIN.AM. took over the financing from Maguire, loan procedures continued as they had before; FIN.AM. merely took Maguire's place in the triangular financing arrangement. FIN.AM. continued to extend credit to HEH, Inc.

HEH, Inc. closed in September of 1975. Harvey E. Hall, one of the signers of the personal guaranty had died in early 1971.

The $6,823.61 which plaintiff seeks in this suit results from a default on payments due from HEH, Inc. to FIN.AM. on inventory sold from August 31, 1974 to November 26, 1974. There is no dispute that a sum is owed, it is only the personal liability of Anna Belle Hall that is in issue.

The initial action was filed on May 4, 1976. A second action was filed on October 15, 1976; subsequently, the two actions were consolidated by order of the Court on November 24, 1976.

On February 11, 1977, I entered an order granting summary judgment in favor of Harvey E. Hall a/k/a H. Earl Hall. The summary judgment was granted because H. Earl Hall was Harvey E. Hall's son and was not a signer of the personal guaranty. Plaintiff evidently misunderstood that Harvey E. Hall and H. Earl Hall were not one and the same person.

HEH, Inc. is a defunct corporation and is not capable of paying the sum due. Harvey H. Hall is deceased and summary judgment has been granted in favor of H. Earl Hall. Anna Belle Hall is the only remaining defendant.

Anna Belle Hall raises as her defense the claim that the personal guaranty ran only to Sylvania and/or Maguire and could not be effectively transferred to FIN.AM. Thus, she says she cannot be held personally liable for credit extended by FIN.AM. to HEH, Inc., where FIN.AM. was not an obligee of her personal guaranty.

There are two issues for the Court to decide. First, what kind of guaranty was this? Second, was it assignable?

■ A contract of guaranty is the promise to answer for the payment of some debt or the performance of some obligation by another on the default of that third person who is liable in the first instance. *Coburn Corporation of America v. Orr,* 60 Misc.2d 912, 304 N.Y.S.2d 345 (1969); *Ajax Rubber Company v. Gam.,* Del.Super., 4 W.W.Harr. 264, 151 A. 831 (1924). In such cases, there are two different obligations. The guaranty is a separate contract involving duties and responsibilities which are different from the basic contract to which it is collateral. *Kelly Springfield Tire Co. v. Hamilton,* 230 Mo.App. 430, 91 S.W.2d 193 (1936); *Coburn Corporation of America v. Orr, supra.*

■ There are two types of guaranties. An instrument of guaranty addressed to all persons generally, or "to whom it may concern" may be enforced by anyone to whom it was presented who acts upon it. This is a general guaranty. A guaranty which is special is addressed to a particular person, firm or corporation, and, when so addressed, only the promisee named in the instrument acquires any rights under it. J. Elder, *Stearns Law of Suretyship,* §§ 4.3, 4.4, P. 62 (1951 ed.); 41 A.L.R.2d 1207, 1216, *Who May Enforce Guaranty;* 38 Am.Jur.2d 1018, *Guaranty* § 20 (1968); *Taylor v. McClung,* 7 Del. (2 Houst.) 24 (1858); *Burkhardt v. Bank of America Nat. Trust &*

*Savings Asso.,* 127 Colo. 251, 256 P.2d 234 (1953).

 Generally, contract rights can be assigned unless they involve obligations of a personal nature or there is some public policy against the assignment. Williston, *Contracts,* Third Ed. § 412. However, special rules govern the assignability of guaranties, and these rules involve the characterization of the guaranty as special or general. As indicated, a special guaranty is usually not assignable. *Lee v. Rubin,* 117 So.2d 230 (Fla.App.1960); *Hurst v. Stith Equipment Company,* 133 Ga.App. 374, 210 S.E.2d 851 (1974); *Burkhardt v. Bank of America Nat. Trust Asso., supra;* J. Elder, *Stearns Law of Suretyship, supra,* § 4.4.

The case of *Lee v. Rubin, supra,* is quite close to the facts of the present case. Therein, the defendant individuals executed a guaranty to South Florida Tile & Terrazo Co. whereby they guaranteed payment of all debts of a Florida corporation known as Popular Tile & Terrazo Corp. South Florida was dissolved and its accounts receivable assigned to the plaintiff. There, as here, the debts sued on arose after the assignment of the guaranty. Defendants alleged as a defense that the guaranty was a special guaranty and therefore non-assignable.

The Court found that the guaranty was special in nature in that it was directed specifically to the three named and designated corporations. That, although the plaintiffs were successors to the assets of the three named corporations, the guaranty could not be the subject of a sale, transfer or assignment as other assets. The suit involved no credit extended by any of the corporations named as obligees in the original guaranty.

 This latter point is important. Williston has said that "the commonest type of right subject to assignment is one for the payment of money, and such assignment is effective not only as against a principal debtor, but as against a guarantor." Williston, *Contracts,* Third Ed. § 412. However, this does not support the plaintiff's position that since it was only a money payment which was guaranteed, the guaranty was freely transferrable. What Williston was saying is that a debt (which may have originated in a guaranty) is transferrable. A creditor can assign his right to receive money to another who then has the right to receive it. The guarantor then continues to guarantee the transferred debt.

 I find that this guaranty was a special guaranty. It is specifically addressed to Sylvania Electric Products, Inc. and/or John P. Maguire & Co., Inc. and consistently refers to the guaranty of the obligation unto *you* (Sylvania and Maguire). Note also that there are no words of assignability in the guaranty. It may not be necessary to specifically provide for assignability in the guaranty in order to make it assignable, but the absence of such language reinforces the conclusion that it was meant to be only for the protection of the named obligees.

This case does not involve the assignment of a debt; rather, it involves an attempt to assign a guaranty. The guaranty was a special one to Sylvania and/or Maguire but the debt arose from financial dealings between FIN.AM. and HEH, Inc. which took place after one of the attempted assignments. Under the plaintiff's interpretation of the guaranty, Anna Belle Hall, the surviving signatory, would not merely continue to guarantee an obligation that had arisen between the original parties, but she would also guarantee any new debts to any subsequent assignees of the guaranty. This view would greatly expand the scope of the paper signed by the Halls for the protection of Sylvania and Maguire.

 The majority rule, and the rule to be applied here, is that once a guaranty is correctly categorized as special, it is not assignable absent a specific assignability provision or other special circumstances not here present. I find the special guaranty is addressed to specific named obligees and was intended only for their benefit. Therefore, such guaranty is non-assignable.

The Court is aware that in some jurisdictions the characterization of the guaranty as special does not automatically answer the question of assignability. Under the circumstances of this case, however, the application of a rule which would permit consideration of additional factors bearing on the question of assignment may well have resulted in the same decision as here reached, i. e. that the guaranty here in question could not be effectively assigned.

In Illinois, in at least one case, the approach, after the guaranty had been characterized as special, was to examine the guarantor's obligation both before and after the assignment. If the undertaking of the guarantor is not materially altered by the transfer of the guarantee's assets, he is not discharged. See *Essex International Inc. v. Clamage,* 440 F.2d 547 (7th Cir. 1971). But here we have a different lender whose business practices and credit policies may not have corresponded to that of the original lenders.

In a limited number of other jurisdictions, even where a guaranty may be labeled as special because addressed to a named individual or corporation, the Court will consider the contract and the surrounding circumstances to determine whether the guaranty was intended to be transferrable with the collateral contract. See *Wipfli v. Bever,* 37 Wis.2d 324, 155 N.W.2d 71 (1967); *Murphy v. Luthy Battery Co.,* 74 Cal.App. 68, 239 P. 341 (1925).

The facts of this case are not conducive to the application of this third approach. The surviving guarantor has testified in a deposition that she merely signed what her husband required her to sign. Her deposition indicates that she has no further knowledge or memory of the transaction. Neither Sylvania nor Maguire are parties to this action. FIN.AM., of course, has no first hand knowledge of the transaction and it has not indicated that representatives of Sylvania or Maguire could cast any light on the intent of those who took part in the original transactions.

Summary judgment is granted in favor of the defendant, Anna Belle Hall, against the plaintiff, FinanceAmerica Private Brands, Inc. The case will be dismissed. IT IS SO ORDERED.