471 So.2d 617 (1985)
BRUNSWICK CORPORATION, Appellant,
v.
Claude W. CREEL and Virginia J. Creel, Appellees.
No. 84-775.
District Court of Appeal of Florida, Fifth District.
June 20, 1985.
David R. McFarlin of Akerman, Senterfitt & Eidson, Orlando, for appellant.
John V. Baum of Baldwin & Dikeou, Fern Park, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
Pursuant to a guaranty agreement dated June 23, 1981, the Creels guaranteed and promised to pay to Finance America any and all indebtedness of Flagship Marine as may be owing to Finance America. The Creels were and are the sole shareholders of Flagship.
*618 Extensions of credit were made by Finance America to Flagship. Flagship defaulted on its payment obligations to Finance America and the Creels failed and refused to pay the indebtedness of Flagship.
Subsequent to the extensions of credit by Finance America and the defaults by Flagship, Finance America assigned to Brunswick all its right, title and interest in and to the obligations of Flagship, including the guaranty. Brunswick eventually filed this action to recover the amount of the debt from the Creels. The trial court entered summary final judgment for the Creels, finding that the guaranty was "special" in nature and could not be assigned. Brunswick appeals and we reverse.
A contract of guaranty is the promise to answer for the payment of some debt or the performance of some obligation by another on the default of that third person who is liable in the first instance. See Nicolaysen v. Flato, 204 So.2d 547 (Fla. 4th DCA 1967); Finance America v. Harvey E. Hall, Inc., 380 A.2d 1377 (Del. Superior Ct. 1977). With reference to the persons who may claim the benefit thereof, guaranties are divided into two classes. A guaranty addressed to all persons generally or "to whom it may concern" is known as a "general" guaranty and may be enforced by anyone to whom it is presented who acts upon it. A "special" guaranty is one which is addressed to a particular person, firm or corporation and ordinarily only the promisee named in the instrument acquires any rights under it. 38 Am.Jur.2d Guaranty § 20; 28 Fla.Jur.2d Guaranty & Suretyship § 17.
Generally contract rights can be assigned unless they involve obligations of a personal nature, or there is some public policy against the assignment or such assignment is specifically prohibited by the contract. 4 Fla.Jur. Assignments § 4. However, special rules govern the assignability of guaranties and these rules involve the characterization of the guaranty as special or general. As indicated above, a special guaranty is usually not assignable, Lee v. Rubin, 117 So.2d 230 (Fla. 2d DCA 1960), while a general guaranty is assignable. See 38 Am.Jur.2d Guaranty § 35. The reason for treating special and general guaranties differently derives from the fact that a special guaranty, in naming a particular individual or entity as promisee, implies a trust placed by the guarantor in the promisee. Id. See Ampex Credit Corp. v. Bateman, 554 F.2d 750 (5th Cir.1977). In this regard, the following passage from 38 Am.Jur.2d Guaranty § 35 is relevant:
Thus, if the right of the obligee under a guaranty contract is so closely tied to his duties under the principal contract or if a substantial part of the motivation of the guarantor in entering into the guaranty contract was the confidence which the guarantor imposed on the obligee, then the rights of the obligee are held not to be assignable. If, on the other hand, there is no element of personal confidence involved, the rights of the obligee are held to be assignable.
However, as noted above, this is a general rule and exceptions have been recognized such as that an obligee may, following breach of a special guaranty, assign his cause of action against the guarantor. Tobin v. Iowa Home Mutual Casualty Co., 209 So.2d 485 (Fla. 3d DCA 1968); Burkhardt v. Bank of America Nat. Trust & Sav. Assoc., 127 Colo. 251, 256 P.2d 234 (1953); In re Klink's Estate, 310 Ill. App. 609, 35 N.E.2d 684 (1941). See generally 38 C.J.S. Guaranty § 42(c). Indeed, at least one court has recognized that a debt which originated in a special guaranty may be assigned. Finance America v. Harvey E. Hall, Inc., 380 A.2d at 1380. The rationale underlying these exceptions is that the policy behind non-assignability of a special guaranty is absent where credit has been extended by the named obligee and the guarantor has yet to pay the debt as it agreed to do.
In the instant case, the trial court correctly found that the guaranty is special in nature as it names as obligees certain *619 definite persons, i.e., Finance America and its subsidiaries and affiliates. See Lee v. Rubin. However, the court incorrectly determined that the assignment was invalid and that Brunswich could not recover in this action.
The court in so ruling relied on Lee v. Rubin. In that case, the Second District was confronted with a guaranty executed by Rubin and Miller to South Florida Tile and Terrazzo Company whereby they guaranteed payment of all debts of Popular Tile & Terrazzo Corporation. South Florida was dissolved and its accounts receivable assigned to the plaintiffs. The plaintiffs' action involved no credit extended by the named obligee, it involved a claim for credit extended by the plaintiffs to Popular Tile. 117 So.2d at 231-32. In other words, the debts sued on arose after the assignment of the guaranty. The guarantors alleged as a defense that the guaranty was special and non-assignable and the appellate court agreed. However, to re-emphasize, the action involved no credit extended by any of the named obligees in the original guaranty. Furthermore, while declaring that the guaranty could not be assigned, the court quoted with approval the following rule found in 24 Am.Jur. Guaranty § 61:
Transferability of Guaranty as Affected by Character as General or Special.  In order to be transferable, as above stated, the guaranty must be general in character. If a guaranty names as obligees certain definite persons, the obligation thereof may not be enforced by any persons other than those who have been designated. Thus, if a guaranty covers future credit which is to be extended by a specified individual, it may not be transferred to another person so as to enable him to become the creditor who is secured by the guaranty. Where the person who is named as obligee has transferred his business to another, and the latter has continued to extend credit to the person for whose benefit the guaranty was executed, the guarantor may be held liable for indebtedness which is shown to have been created by the extension of credit prior to the transfer, but not for indebtedness which accrued thereafter. (emphasis added)
117 So.2d at 233.
Thus, the court recognized in dicta that an assignee of a special guaranty may, at least in certain circumstances, recover from the guarantor for indebtedness created by the extension of credit prior to the transfer.
This case is distinguishable from Lee v. Rubin. Here, it was Finance America, the named obligee, which extended credit to Flagship Marine and it was only after default that Finance America made the assignment to Brunswick. Brunswick is not seeking to recover for any credit it extended to Flagship Marine. Unlike Lee v. Rubin, this case involves assignment of a debt rather than a mere assignment of a guaranty.
Furthermore, as noted above, a creditor is permitted to assign his cause of action against the guarantor even though the guaranty was special. Tobin; Burkhardt. A cause of action for breach of a guaranty agreement arises upon default and a subsequent refusal to pay by the guarantor. See John S. Barnes, Inc. v. Paducah Box & Basket Co., 147 Fla. 362, 2 So.2d 861 (1941). The record in this case reflects that Flagship Marine defaulted on its payment obligations to Finance America and that the Creels refused to pay the indebtedness. The assignment from Finance America to Brunswick included its cause of action for breach of the guaranty agreement.
REVERSED.
COWART, J., concurs.
SHARP, J., concurs specially with opinion.
SHARP, Judge, concurring specially.
The language of the Guaranty agreement in this case was clearly "special," that is, it was addressed to benefit a specific *620 entity and a specific class of entities.[1] It provided the guarantors promised to pay to Finance America Private Brands, Inc. "any and all indebtedness of Dealer [Flagship Marine Center, Inc.] as may be owing to you ... [or] ... "heretofore or hereafter granted by you to, or for the account of Dealer." The words "you" were defined as including Finance America and its "subsidiaries and affiliates."
The "general rule" concerning whether or not a special guaranty can be enforced by an assignee who is not mentioned in the language of the special guaranty is flatly stated to be that it is not assignable and not enforceable by the assignee. 38 C.J.S. Guaranty § 41 (1943); 28 Fla.Jur.2d Guaranty & Suretyship § 17 (1981). However, it appears this is a rule of law in the process of being swallowed by its exceptions. Courts, even in the same jurisdiction, have reached conflicting results. See Annot., 41 A.L.R.2d 1213, § 15(a) and (b) (1955).
In Florida, the non-assignability of special guaranties was stated as the law of this state in Lee v. Rubin, 117 So.2d 230 (Fla. 2d DCA 1960). In that case it was not clear whether or not the debt which was unpaid related to goods sold to the entity whose purchases of inventory were being guaranteed, before or after the guaranty was assigned. Some was paid and some was not. Only by applying the inventory accounting rule "first in, first out" could that determination be made. However, the court said that fact was not essential to the result, since the guaranty involved in that case was "special":
... We shall not pursue the factual situation further, however, as the guaranty contract filed in evidence shows it to be a special guaranty.
Id. at 232.
Without noting a conflict with Lee v. Rubin, the court in Tobin v. Iowa Home Mutual Casualty Company, 209 So.2d 485 (Fla. 3rd DCA 1968), held that a special guaranty could be enforced by a non-specified assignee, where the guaranty was assigned after: (1) breach of the contract giving rise to the liability; (2) the cause of action belonging to the specially guaranteed entity had accrued and; (3) a suit had been instituted. In Lee, it is not clear whether there was a breach or default before the assignment, but rather clearly, no suit had been filed at that point.
In this case, the default or breach of the terms of the credit extended to Finance America had occurred and the notes evidencing the same were assigned to Brunswick, the plaintiff-assignee, before the guaranty was assigned. Finance America's matured cause of action against appellees was assigned to Brunswich, although no suit preceded the assignment.
While I agree with the majority in making "new law" on these facts, that the assignee should be able to recover on the guaranty in this case, the basis for liability, I think, should be that in essence the specially guaranteed entity assigned its matured cause of action against the obligorgrantor. Burkhardt v. Bank of America National Trust and Savings Association, 127 Colo. 251, 256 P.2d 234 (1953). If this "exception" is permitted to grow wider by applying concepts of "fairness" and public policy, extensions of credit and defaults which occur after the assignment will be some day included. See Essex International, Inc. v. Clamage, 440 F.2d 547 (7th Cir.1971).
NOTES
[1] 38 Am.Jur.2d Guaranty § 20 (1968); 28 Fla. Jur.2d § 17 Guaranty & Suretyship (1981).