SLEET, Judge.
Ferguson Enterprises, Inc., appeals the order dismissing counts V and VI of its second amended complaint with prejudice. Ferguson argues that the circuit court looked beyond the four corners of its complaint when it dismissed Ferguson’s claims *615 under the authority of New Holland, Inc. v. Trunk, 579 So.2d 215 (Fla. 5th DCA 1991). We agree.
On February 9, 2006, Gulf Refrigeration Supply, Inc., entered into an arrangement with Astro Air Conditioning and Heating, Inc., whereby Gulf agreed to sell goods and materials to Astro on credit. At that time, Frank Hegedus and Jo Ann Hegedus signed a personal guaranty on behalf of Astro. Gulf merged with Ferguson on December 31, 2006, and Ferguson assumed Gulfs duties under the agreement.
Ultimately, Astro defaulted on its obligations, and Ferguson brought suit seeking to recover from Astro and the Hegeduses pursuant to the guaranty. Specifically, in counts V and VI Ferguson alleged claims against the Hegedus-es as guarantors for breach of the personal guaranty and fraudulent transfer, respectively. The circuit court dismissed both counts after determining that the guaranty was a “special guaranty” assigned to Ferguson and therefore unenforceable against the Hegeduses by Ferguson. See New Holland, 579 So.2d at 219.
We review the dismissal of a complaint with prejudice de novo. B & C Investors, Inc. v. Vojack, 79 So.3d 42, 46 (Fla. 2d DCA 2011). “[0]n a motion to dismiss for failure to state a cause of action, the circuit court may look only within the four corners of the complaint, must accept the plaintiffs allegations as true, and must resolve all inferences in the plaintiffs favor.” Id. at 45-46 (quoting Wilson v. News-Press Publ’g Co., 738 So.2d 1000,1001 (Fla. 2d DCA 1999)). “To state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief.” Havens v. Coast Fla., P.A., 117 So.3d 1179, 1181 (Fla. 2d DCA 2013) (citing Fla. R. Civ. P. 1.110(b)).
The complaint- specifically alleged that Ferguson is the surviving corporation of a merger with Gulf and that it acquired “all rights, claims[,] and property” of Gulf thereby. See § 607.1106(1), Fla. Stat. (2006). Ferguson attached to the complaint a copy of the guaranty, the articles of merger, its corporate documents, and bills reflecting the debt owed by Astro.
 The elements of a breach of contract cause of action are: (1) a valid contract, (2) a material breach, and (3) damages. Havens, 117 So.3d at 1181. In count V, Ferguson alleged that the Hege-duses personally guaranteed repayment of Astro’s debt, that the Hegeduses breached the guaranty by refusing to pay that debt, and that Astro and the Hegeduses owed Ferguson more than $90,000. The allegations in count V were sufficient to state a cause of action for breach of the guaranty.
In count VI, Ferguson alleged that it was a creditor of the Hegeduses prior to their transfer of property into a partnership and that the transfer was made in order to “hinder, delay, or defraud Ferguson ... [and made] [w]ithout receiving a reasonably equivalent value in exchange.” The complaint tracked the language of sections 726.105 and 726.106, Florida Statutes (2012). This was sufficient to state a claim of fraudulent transfer. See, e.g., Rodriguez v. Nieves, 75 So.3d 339, 340 (Fla. 3d DCA 2011).
The circuit court improperly looked beyond the four corners of the complaint when it dismissed counts V and VI under New Holland, 579 So.2d 215. “[A] motion to dismiss for failure to state a cause of action is not a substitute for a motion for summary judgment, and in ruling on such a motion, the trial court is confined to a consideration of the allegations found within the four corners of the *616 complaint.” Meadows Cmty. Ass’n v. Russel-Tutty, 928 So.2d 1276, 1280 (Fla. 2d DCA 2006) (quoting Consuegra v. Lloyd’s Underwriters at London, 801 So.2d 111, 112 (Fla. 2d DCA 2001)). As we explained in Meadows, “[t]he availability of a remedy ... is reached after, not before, the determination of a plaintiffs rights.” Meadows, 928 So.2d at 1280 (holding that the existence of “case law that would not have supported the granting of the relief sought” was beyond the four corners of the complaint and thus not appropriately considered on a motion to dismiss).
Furthermore, New Holland is distinguishable. In New Holland, the Fifth District held that:
The assignee of a special guaranty cannot enforce the special guaranty as to debt the assignee has created by extending credit to the debtor. An assignee of debt and of a special guaranty relating thereto can enforce the guaranty as to debt resulting from credit extended by the original creditor to the debtor, whether or not that assigned debt is due or past due at the time of the assignment.
New Holland, 579 So.2d at 219. The record supports Ferguson’s assertion that it acquired rights under the guaranty as a surviving corporation to a merger with Gulf. Under section 607.1106(l)(b), the surviving corporation retains the interests of the merging corporations. Nelson v. Ameriquest Techs., Inc., 789 So.2d 161,164 (Fla. 3d DCA 1999). Therefore, Ferguson is not an assignee and is not precluded from seeking to recover under the guaranty by the holding in New Holland. See 579 So.2d at 219.
It is not. for the court to speculate whether the allegations of the complaint are true or whether they can be proven. Because counts V and VI state a cause of action for recovery under the guaranty and fraudulent transfer, it was error to dismiss them. Accordingly, we reverse and remand for the circuit court to reinstate counts V and VI of the second amended complaint.
Reversed and remanded with instructions.
SILBERMAN and VILLANTI, JJ., Concur.