NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JULIE ATHA,                                  )
                                             )
            Appellant,                       )
                                             )
v.                                           )        Case No. 2D16-131
                                             )
ALLEN P. VAN OVERBEKE, D.M.D., P.A.,         )
a Florida Corporation,                       )
                                             )
            Appellee.                        )
_____)

Opinion filed March 10, 2017.

Appeal from the Circuit Court for
Hillsborough County; Robert A. Foster, Jr.,
Judge.

Jeffrey E. Appel and Claude McEuen
Harden, III, of Appel Harden Law Group,
Lakeland, for Appellant.

S. Gordon Hill and Jeffrey J. Wilcox of
Hill, Ward & Henderson, P.A., Tampa,
for Appellee.


SILBERMAN, Judge.

         Julie Atha seeks review of the order dismissing her second amended

complaint against her former employer, Allen P. Van Overbeke, D.M.D., P.A., with

prejudice.  The trial court determined that Atha failed to plead a facially sufficient

violation of section 440.205, Florida Statutes (2011), for workers' compensation

retaliation.  We conclude that the complaint as a whole pleaded a legally sufficient violation of section 440.205 and reverse.

Florida Rule of Civil Procedure 1.110(b) provides that in order to be legally sufficient, a complaint must contain "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief."  See also Ferguson Enters., Inc. v. Astro Air Conditioning & Heating, Inc., 137 So. 3d 613, 615 (Fla. 2d DCA 2014).  In ruling on a motion to dismiss for failure to plead a facially sufficient claim, the trial court is limited to a consideration of the allegations within the four corners of the complaint and is required to accept those allegations as true.  Id.  The court's dismissal of a complaint for failure to state a cause of action is reviewed de novo.  Id.

Section 440.205 provides, "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."  To establish a prima facie case of workers' compensation retaliation under section 440.205, the plaintiff must prove the following elements:  (1) a statutorily protected activity, (2) an adverse employment action, and (3) a causal connection between the statutorily protected activity and the adverse employment action.  Andrews v. Direct Mail Express, Inc., 1 So. 3d 1192, 1193 (Fla. 5th DCA 2009); Russell v. KSL Hotel Corp., 887 So. 2d 372, 379 (Fla. 3d DCA 2004).

The operative complaint in this case is Atha's second amended complaint. Atha alleged that she had worked full time for Van Overbeke as a dental assistant since June 2009.  On November 21, 2012, she suffered an injury to her right hand and elbow at work.  Atha requested medical treatment and payment for lost wages under the

Workers' Compensation Act. Van Overbeke's insurance carrier evaluated Atha's claim and authorized medical treatment for her work-related injuries on November 27, 2012.

Atha had surgery on February 18, 2013, and she received temporary disability benefits under the Act from the time of surgery through her recovery. Atha's physician released her to return to full-time work as a dental assistant on June 6, 2013. Van Overbeke refused to return Atha to full-time status and offered her only one shift per week. Three weeks later, Van Overbeke terminated Atha's employment despite the fact that it still had a position available that Atha could perform.

The second amended complaint alleged that Atha's request for workers' compensation benefits constituted statutorily protected activity, and there is no dispute that Atha met the pleading requirement for the first element. As for the second element, Van Overbeke concedes that the reduction in hours and subsequent termination from employment constitute adverse employment actions.

It is the third element, or the causal connection element, that is at issue here. A plaintiff can establish the causal connection element "by showing the protected activity and the adverse action are not completely unrelated." Ortega v. Eng'g Sys. Tech., Inc., 30 So. 3d 525, 529 (Fla. 3d DCA 2010); see also Russell, 887 So. 2d at 379. The temporal connection between the protected activity and the adverse employment action in itself might be sufficient to establish a causal connection, but the temporal proximity must be "close." Ortega, 30 So. 3d at 529 (quoting Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004)); see also Edwards v. Niles Sales & Serv., Inc., 439 F. Supp. 2d 1202, 1229 (S.D. Fla. 2006) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an

adverse employment action as sufficient evidence of causality to establish a *prima facie* case uniformly hold that the temporal proximity must be 'very close.' " (quoting Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001))).

In her second amended complaint, Atha made the following additional allegations to establish the causal connection element:

> 12.  Immediately following her injury, however, [Van Overbeke] began an unlawful course of intimidation and coercion by intentionally refusing to allow [Atha] to continue to work despite having work available that [Atha] was able to perform.
>
> . . . .
>
> 18.  [Van Overbeke's] action of discharging [Atha] was in retaliation for [Atha] engaging in her statutorily protected right to workers' compensation benefits and in violation of Section 440.205, Florida Statutes (2011).

Taken in conjunction with the ultimate facts alleged in the remainder of the second amended complaint, Atha's allegations can be read to establish that Van Overbeke was aware of her request for workers' compensation benefits from the time she stopped working to obtain treatment for her work-related injuries.  From that time until it terminated her employment, Van Overbeke engaged in actions that demonstrated a negative attitude toward Atha's workers' compensation claim.  When Atha was released to return to full-time work, Van Overbeke reduced her hours and then terminated her employment in retaliation for filing her workers' compensation claim.

We conclude that these allegations, which we are required to accept as true, are sufficient to establish that the statutorily protected activity (Atha's request for workers' compensation benefits) and the adverse employment action (the reduction in

hours and subsequent termination from employment) are not completely unrelated.[1]  Cf. Hornfischer v. Manatee Cty. Sheriff's Office, 136 So. 3d 703, 709-10 (Fla. 2d DCA 2014) (holding that the plaintiff established the causal connection element due to "the questionable nature of the reasons offered for [the plaintiff's] discharge, together with the e-mails reflecting a negative attitude by the [defendant's] agents toward [the plaintiff] and his claims").  Atha thus pleaded a legally sufficient violation of section 440.205, and the trial court erred by dismissing her second amended complaint with prejudice.

Reversed and remanded.

CASANUEVA and SLEET, JJ., Concur.

---

[1]In light of our decision, we need not address Atha's argument that the temporal connection between Atha's request for workers' compensation benefits and the reduction in hours and subsequent termination from employment in itself is close enough to establish a causal connection.