513 So.2d 250 (1987)
Joe DANIELS, et al., Appellants,
v.
Waldo O. BERRY, Sr., et al., Appellees.
No. 87-53.
District Court of Appeal of Florida, Fifth District.
October 1, 1987.
Hubert L. Grimes of Grimes & Polk, Daytona Beach, for appellants.
Richard J. Osterndorf, Daytona Beach, for appellees.
DAUKSCH, Judge.
This is an appeal from a judgment in a case involving the establishment of a trust and conveyance of real property. It is rather like a suit to establish a trust and quiet title.
Without going into all the details, the land involved was deeded in 1921 by the owner to the "Colored Library and Civic Imp. Ass'n." The purpose of the deed was to provide a library for the Black community of Ormond Beach because the segregated white-only library was unavailable to the Blacks. After a few years, probably after the white-only rules were lifted from the other library, the "Colored Library" ceased operation. The building became unoccupied and its disuse and disrepair led the appellees to seek a better use for the property.
There is not now nor was there ever, from what record we have before us, a legal entity to receive title in the deed to the "Colored Library and Civic Imp. Assoc." Neither a corporation nor a natural person nor a partnership existed by that name to take title. One of the appellees wants to build a car wash on the land and sought to obtain title. Some of the other appellees held themselves out to be the officers of the Colored Library and Civic Imp. Ass'n. Some appellees as sellers and others as buyers joined together to somehow create a legal entity, create legal title and convey it. They filed a lawsuit to have the court ratify their actions and begin a legally recognizable chain of title. They published a notice of suit in the newspaper giving notice to "all persons claiming any interest in, out of or under any right in the `Colored Library and Civic Improvement Association of Ormond Volusia County, Florida.'" While it is not determinative here, the name in the original deed is not as listed in the notice; in the deed it is the "Colored Library and Civic Imp. Ass'n."
An answer was filed by appellants which alleged:
1. The plaintiffs have not in anyway [sic] established the organization that was so designated by the donation and and [sic] transfer of the property. No record of the organization or any meetings held are available.
2. The plantiffs [sic] have failed to maintain the property and pay the taxes left in their care.

*251 3. There is a question as to the status of the plantiffs [sic] as members of an organization, thus any decisions made by them would not be legal and proper.
4. We have been selected by a body of persons, representing the black community of Ormond Beach at a meeting held March 31, 1986.
5. We are in process of establishing a Trust that will be used for the benefit of the Black Community of Ormond Beach.
6. We are dedicated to accept and disburse property, funds etc., for the benefit of the persons of the Black Community of Ormond Beach.
WHEREFORE, Defants [sic], the following persons, request that consideration be given to us to be designated the legal body to handle the property involved herein.
The trial judge struck the answer, which had attached to it signatures of twenty-seven persons in support of the appellants as representatives of the "black community of Ormond Beach."
So, we have two factions each representing themselves as the proper ones to hold title. The trial judge struck the answer of the competing group and entered a judgment, of some complexity and great question, establishing the trust for appellees and purporting to set title to the land and devising a scheme for transfer.
The question for our review is whether the trial judge committed reversible error in striking the pleading of appellants. It was stricken on the motion of appellees which alleged it was a "sham pleading." The case proceeded to "trial" with no real opponents and the judgment ensued.
We assume the judge struck the answer of appellants because they were unable to establish their right to their claimed interest in the property or because their answer did not set up any real defense under law. If his reason was the former  that appellants did not establish a legal interest in the property  then we agree. If it was the latter, as alleged by appellees, then we disagree. Neither appellants nor appellees have established any right to the property and until the proper plaintiffs and proper defendants are brought into court there cannot be a legally recognizable transfer of the property  no matter what the judgment purports to do.
It is basic real property law that a deed from the owner to a non-existent entity is a nullity. Therefore, the title to this property still remains in the hands of George Rigby (the grantor in 1921) or his heirs. Any number of persons or factions can gather together and say anything they want regarding what office they now or did have in the Colored Library and Civic Imp. Ass'n. and that will not create a legal entity any more than a genie can be rubbed from a bottle or a proverbial silk purse be made from a sow's ear.
Although the lower court was proper in striking the answer of appellants, in the interest of justice and for the benefit of the parties we must observe the judgment is a nullity.
It is so ordered.
UPCHURCH, C.J., and COWART, J., concur.