HARRIS, Judge.
The question before us is whether, as in horseshoes, the one closest is 'the winner. If so, was the trial court right in granting summary judgment finding, in effect, that the Pentecostal Assemblies of the World, Inc., an Indiana corporation, was the closest? For the following reasons, we reverse the summary judgment.
In 1946, Lula Campbell and S.C. Campbell, her husband, deeded certain property in Titusville, Florida, to Pentecostal Tabernacle Assemblies of the World, Inc. Board of Trustees: Elder Harmon Frazier, Elder S.C. Campbell, Elder Samuel Oliver, and successors. There was at the time no church incorporated under that name. However, Harmon Frazier, S.C. Campbell and Samuel Oliver were trustees of an unincorporated church which subsequently incorporated under the name of Apostolic Tabernacle Church of Titusville, Florida, Inc. There is no showing in the record as to what the church’s name was in 1946. On the other hand, there was incorporated in Indiana a church named Pentecostal Assemblies of the World, Inc. which claims to have been sometimes known as Pentecostal Tabernacle Assemblies of the World, Inc.
We have held that a deed to a nonexistent grantee is a nullity. Daniels v. Berry, 513 So.2d 250 (Fla. 5th DCA 1987). However, both parties argue that in this case there is a valid grantee but that the designation in the deed is merely a misnomer subject to correction. See,-for example, Gelber v. Cappeller, 161 Cal.App.2d 113, 326 P.2d 521 (1958); Pruitt v. Ferguson, 224 Va. 507, 297 S.E.2d 714 (1982) (deed to nonexistent person is a valid conveyance to the intended but misnamed grantee if such a person exists and if the intention of the parties can be ascertained).
Appellee, the successor of the Indiana church, suggests that the incorrect designation was a scrivener’s error resulting from the insertion of the word “Tabernacle” and that the Indiana church was clearly the intended grantee. But the fact that the named trustees were not trustees of the Indiana church seems to negate this contention.
There are too many disputed facts to determine the grantors’ intent as a matter of law. An evidentiary hearing' will be required. We therefore reverse the summary judgment and remand to the trial court for an evidentiary hearing. If the intent of the grantors can be determined from the evidence, then the court should so indicate and reform the deed. If such intent cannot be determined, then-the deed should be held' invalid.
REVERSED and REMANDED.
PETERSON and THOMPSON, JJ., concur.