883 So.2d 338 (2004)
BELCHER CENTER LLC, Appellant,
v.
BELCHER CENTER, INC.; Connie M. Geiger; William Z. Geiger, Jr.; and William Z. Geiger Irrevocable Trust, Appellees.
No. 2D04-1113.
District Court of Appeal of Florida, Second District.
September 10, 2004.
*339 Thomas G. Hersem, Clearwater, for Appellant.
Murray B. Silverstein and Monique E. Parker of Law Offices of Murray B. Silverstein, P.A., St. Petersburg, for Appellees.
COVINGTON, Judge.
Belcher Center LLC filed a complaint to quiet title to property conveyed by deed to a corporation that did not exist at the date of the conveyance. On the motion of the grantee, Belcher Center, Inc., asserting estoppel by deed and equitable estoppel, the circuit court dismissed with prejudice the complaint and related lis pendens. We reverse.
The Division of Corporations declined to incorporate Belcher Center, Inc., on the date of the conveyance due to a similar name issue. It was incorporated the following year. The complaint did not include a copy of the challenged warranty deed.
When considering an order granting a motion to dismiss, the de novo standard of review applies. Al-Hakim v. Holder, 787 So.2d 939, 941 (Fla. 2d DCA 2001). On a motion to dismiss for failure to state a cause of action, a trial court is confined to the four corners of the complaint, and the material allegations of the complaint must be taken as true. Davidson v. Iona-McGregor Fire Prot. & Rescue Dist., 674 So.2d 858, 859 (Fla. 2d DCA 1996). If the court is required to consider matters outside of the four corners of the complaint, then the cause is not subject to dismissal on the basis of an affirmative defense. Value Rent-A-Car, Inc. v. Grace, 794 So.2d 619, 621 (Fla. 2d DCA 2001).
The complaint states a cause of action. Belcher Center LLC correctly asserts that a deed from the owner to a nonexistent entity is a nullity, see Daniels v. Berry, 513 So.2d 250, 251 (Fla. 5th DCA 1987), and a deed not containing the names of the grantees is void, see Simpson v. Hirshberg, 159 Fla. 25, 30 So.2d 912, 912 (1947). We, therefore, must reverse the dismissal with prejudice for further proceedings to consider the application of the affirmative defense of the doctrine of estoppel by deed or equitable estoppel.
Either doctrine, if applicable, would preclude Belcher Center LLC from asserting any right in derogation of the deed or from denying the truth of any material fact asserted in the deed. See Trs. of the Internal Improvement Fund v. Lobean, 127 So.2d 98, 102 (Fla.1961). Legal estoppel or estoppel by deed is determined by the intention of the parties as expressed in the deed, and whether or not legal estoppel may be applied in a given case is dependent entirely on the language used in the deed or which appears on the face of the instrument. Id. Because the circuit court looked outside the four corners of *340 the complaint in ruling on the motion to dismiss, we reinstate the complaint and remand for further proceedings.
Reversed and remanded.
NORTHCUTT and SALCINES, JJ., Concur.