51 So.3d 1246 (2011)
Roy VEAL, as representative of the class certified at No. 8:04-CF0-0323 (U.S.D.C.M.D.Fla.), assignees of certain rights of Crown Auto Dealerships, Inc., Appellant,
v.
VOYAGER PROPERTY AND CASUALTY INSURANCE COMPANY; Voyager Service Programs, Inc.; and Pro-Tec Dealer Services, Inc., Appellees.
No. 2D09-2672.
District Court of Appeal of Florida, Second District.
January 21, 2011.
*1247 Daniel Clark of Clark & Martino, P.A., Tampa, and Craig E. Rothburd of Craig E. Rothburd, P.A., Tampa, and Raymond T. Elligett, Jr., of Buell & Elligett, P.A., Tampa, and Scott R. Jeeves of Jeeves Law Group, P.A., St. Petersburg, for Appellant.
Michael S. Hooker of Glenn Rasmussen Fogarty & Hooker, P.A., Tampa, for Appellees Voyager Property and Casualty Insurance Company and Voyager Service Programs, Inc.
No appearance for Appellee Pro-Tec Dealer Services, Inc.
DAVIS, Judge.
Roy Veal, as representative of a certified class, challenges the trial court's order dismissing with prejudice his indemnification action against Voyager Property & Casualty Insurance, Co.; Voyager Service Programs, Inc.; and Pro-Tec Services, Inc. (collectively "Appellees"). We affirm.
Veal was the named representative of a class certified in federal court to bring an action against Crown Auto Dealerships, Inc., for damages sustained by each class member as a result of his or her purchasing a Trac Guard vehicle antitheft product from Crown in conjunction with the purchase of a car from a Crown dealership.
The class members filed a five-count complaint against Crown in the United States District Court for the Middle District of Florida, alleging violations of the Truth in Lending Act, the Florida Motor Vehicle Retail Sales Finance Act, the Florida Deceptive and Unfair Trade Practices Act, and the Warranties Association Act. The complaint also sought restitution and damages for unjust enrichment.
The antitheft product at issue was purchased by Crown from Pro-Tech Services, Inc. Pro-Tech had represented to Crown that Voyager Property & Casualty Insurance Co. and/or Voyager Services Programs, Inc., would provide a warranty insurance policy for each Trac Guard product sold. Each warranty would guarantee the car owner a cash benefit should he or she experience the loss of his or her automobile by theft and either the car was not returned or, if returned, was a total loss. The warranty further provided that if the car was stolen and returned, the owner would receive up to $1000 to pay any deductible required by the owner's automobile insurance policy to repair damages sustained.
During the class action litigation, Crown learned that it had been misled by Pro-Tech in that not only had no warranty policies been registered with the State of Florida, as required by statute, but also that no warranty policies even existed.
The federal class action lawsuit was resolved with Crown agreeing to a settlement involving a payment of monetary damages to the class members but no admission of liability on the part of Crown. As part of that settlement, the class members also received
a full assignment of all rights to indemnification by Crown against the following companies, including parents, affiliates, and subsidiaries, as it relates to the sale of the Trac Guard product: Pro Tech Dealer Services, Inc.[;] Voyager Group, Inc.[;] Voyager Service Programs, Inc.[;] Voyager Property & Casualty *1248 Insurance Company[;] Voyager Service Warranties, Inc.[;] and Voyager Insurance Company (collectively "Third Party Entities").
(Emphasis added.)
Veal subsequently brought suit against Appellees in state court, alleging one count of indemnification. Although Veal never sought to have a class certified in state court, he brought this action "as representative of the class certified at No. 8:04-CV-0323 (U.S.D.C.M.D.Fla.), assignees of certain rights of Crown Auto Dealerships, Inc." In the complaint for indemnification, Veal alleged that "in its effort to induce Crown to market and sell Pro-Tec's anti-theft [sic] warranty product, Pro-Tec informed Crown . . . that the Pro-Tec anti-theft [sic] `programs are insured by Voyager Insurance Companies.'" Veal further alleged, however, that "[a]t no time did Voyager provide insurance coverage for customer claims under the Trac Guard etch product." Veal maintained that Voyager "willfully and intentionally participated in a scheme to share the profits from the sale of Pro-Tech's product to Crown by misrepresenting insurance coverage to make the unregistered product more attractive to Crown and its customers." Finally, Veal asserted that Crown had no duty to record the insurance product but rather that section 634.1216, Florida Statutes (2008), imposes that duty on Pro-Tech and Voyager.
According to the complaint, Crown relied on Pro-Tec's assertions regarding the insurance, resulting in Crown agreeing to sell the product at its dealerships. As a result of these sales and the subsequent federal law suit, Crown paid more than $1 million to its customers for actual damages, prejudgment and postjudgment interest, costs, and attorney's fees. Based on these facts, Veal, on behalf of the class members who were acting as Crown's assignees, sought indemnification, arguing that since Crown had no statutory or legal duty to register Trac Guard with the Florida Department of Insurance or to file with the State the rates and premiums to be paid by its customers on the product, Crown's liability to the class of customers was not due to any act or omission on its part. Rather, Veal maintained that those duties belonged to the insurer, Voyager, and that
[a]s a result of the deceptive activity of Pro-Tec and Voyager in failing to register the Trac Guard product . . ., in failing to file its rates, and in failing to back [Trac Guard] with the reserves of a licensed insurer, Crown was required to pay to Veal and class members in the class action case their damages and costs.
As such, Veal, on behalf of the class and standing in the place of Crown, sought "indemnity for Crown's losses against Voyager and Pro-Tec."
In response, Voyager Property & Casualty Insurance and Voyager Service Programs (collectively "Voyager")[1] moved to dismiss the complaint for failure to state a claim upon which relief could be granted, arguing that Veal could not maintain a claim for common law indemnification because to do so, he would have to argue that Crown was wholly without fault. Voyager maintained that because Veal argued in the federal case that Crown was at fault, he could not argue the opposite position in state court. Voyager also argued in its motion (1) that Veal's complaint failed to state a claim on behalf of the class members whose rights Veal sought to enforce because a class was never certified in state *1249 court and (2) that Veal failed to comply with the presuit notice requirements of section 634.433.
Following a hearing, the trial court entered an order granting Voyager's motion, concluding that "Veal's complaint fails to state a valid indemnity claim against Defendants." Specifically, the court stated:
Simply put, if Crown is precluded from suing Defendants for indemnification, then Crown's assignees are likewise barred. A review of the complaint shows that Plaintiff Veal failed to allege any conduct of the Voyager Defendants for which the assignor Crown could be held vicariously or derivatively liable. It appears that all of Plaintiff's allegations are based upon alleged direct wrongdoing by the Voyager Defendants against Crown. According to the pleadings, Crown only assigned indemnification claims. Thus, Plaintiff Veal's complaint fails to state a valid indemnity claim against the Defendants.
"For a party to prevail on a claim of common law indemnity, the party must satisfy a two-prong test." Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 642 (Fla.1999). "First, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. Second, indemnification can only come from a party who was at fault." Id. (citation omitted). Here, Veal is seeking indemnity against Voyager as if he (and the other class members) were Crown. He has alleged that Crown is wholly without fault but that based on its contractual relationship with its customers, it was forced to pay more than $1 million to its customers for the actions of Voyager. On the face of the complaint, this satisfies the two-prong test for a claim of common law indemnification.
However, Voyager attached to its motion to dismiss a copy of the settlement agreement that was accepted by the federal trial court to resolve the class action lawsuit. By the terms of that settlement agreement, the damages paid by Crown to the class members were related to the disclosure violations alleged to have occurred on the face of the sales contract between Crown and its customers. Nowhere in the settlement agreement does it state that damages were being paid by Crown for the failure to register the warranties as required by chapter 634 of the Florida Statutes or for damages incurred because no warranty policies were issued. Since there is no allegation that either Voyager or Pro-Tech was responsible for the preparation of the sales agreements, Crown would have no cause of action against them for damages paid pursuant to the settlement. Thus Crown had no indemnification claim to assign. As such, by accepting the assignment of indemnification rights, Veal and the class members did not receive a cause of action that they could pursue. This was the conclusion reached by the trial court.
Veal argues on appeal that the trial court erred by considering the contents of the settlement agreement. He correctly argues that, as a general rule, in deciding a motion to dismiss, the trial court is limited to the contents of the pleadings. See Belcher Ctr. LLC v. Belcher Ctr., Inc., 883 So.2d 338, 339 (Fla. 2d DCA 2004) ("On a motion to dismiss for failure to state a cause of action, a trial court is confined to the four corners of the complaint. . . ."). However, in this case, the complaint refers to the settlement agreement, and in fact, Veal's standing to bring suit is premised on the terms of that agreement. Accordingly, since the complaint impliedly incorporates the terms of the agreement by reference, the trial court was entitled to review the terms of that agreement to determine the nature of the claim being *1250 alleged. Upon such review, the trial court not only found that Veal failed to allege a claim under which indemnification could be sought, but also found that based on the settlement agreement, Crown had no indemnification rights to assign and that the dismissal should be with prejudice.
Because based on the terms of the settlement agreement, Veal cannot allege a claim of common law indemnity against Voyager as Crown's assignee, we affirm the trial court's order.
Affirmed.
CRENSHAW and MORRIS, JJ., Concur.
NOTES
[1] The record before this court indicates that after Pro-Tech Services filed its answer to the complaint, it had no further involvement in the case below, and Pro-Tech makes no appearance in this appeal.