KELLY, Judge.
Nancy Havens, D.D.S., challenges the final order dismissing with prejudice her second amended complaint against Coast Florida, P.A. (Coast). We reverse because Dr. Havens’ complaint sufficiently alleged a cause of action for breach of an employment contract to survive a motion to dismiss.
Dr. Havens began working as a dentist for Coast in 1996. In 2007, Coast and Dr. Havens entered into a five-year employment agreement. Three years later, Coast’s attorney telephoned Dr. Havens and informed her that, effective immediately, she was suspended without pay from practicing dentistry for Coast while Coast conducted an investigation. Coast’s attorney instructed Dr. Havens that she was to vacate the office and that she was not to seek employment elsewhere because she remained subject to the employment agreement’s noncompete provision.
Dr. Havens notified Coast that its actions constituted a breach of the written employment agreement and that at a minimum, her compensation must be reinstated to avoid an action for breach of contract. When Coast refused, Dr. Havens resigned from her employment and filed suit. Count I of the complaint alleged that Coast breached the employment agreement by discontinuing Dr. Havens’ compensation and by failing to provide written notice of the suspension. In response, Coast moved to dismiss the complaint on the ground that the employment agreement did not contain any provisions regarding compensation to a suspended employee and as such there could be no breach. The trial court granted Coast’s motion to dismiss and gave Dr. Havens leave to amend.
Dr. Havens filed an amended complaint alleging the existence of a contract, a breach of the contract, and damages resulting from the breach. She added a count alleging that Coast’s oral instructions that she would be suspended without pay constituted an anticipatory breach. Coast again moved to dismiss the complaint on the ground that there could be no breach of the employment agreement by suspending Dr. Havens without notice or pay because the contract was silent as to suspensions. The court granted Coast’s motion to dismiss the amended complaint and again gave Dr. Havens leave to amend.
In her second amended complaint, Dr. Havens maintained the counts for breach of contract and anticipatory breach and added counts for de facto/constructive termination and breach of the implied duty of good faith and fair dealing. The constructive termination count alleged that Coast’s actions effectively terminated Dr. Havens by discontinuing her compensation. The count for breach of the implied duty of good faith and fair dealing alleged that Coast’s actions violated the duty with regard to the provisions defining compensation, hours of work, length of commitment, and the procedure for termination.
Coast filed its third motion to dismiss. After a hearing on the motion, the court granted Coast’s motion with prejudice. Dr. Havens appeals the final order of dismissal.
“In reviewing an order dismissing a complaint for failure to state a cause of action this court must look only to the four corners of the complaint, accepting the allegations of the complaint as true and resolving all reasonable inferences in favor of the plaintiff.” Mettler, Inc. v. Ellen Tracy, Inc., 648 So.2d 253, 255 (Fla. 2d DCA 1994) (citing Londono v. Turkey Creek, Inc., 609 So.2d 14 (Fla.1992); Orlando Sports Stadium,, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla.1972); Drew v. *1181 Knowles, 511 So.2d 393, 395 (Fla. 2d DCA 1987)); see MEBA Med. & Benefits Plan v. Lago, 867 So.2d 1184, 1186 (Fla. 4th DCA 2004). To state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief. Fla. R. Civ. P. 1.110(b).
A cause of action for breach of contract has three elements: (1) a valid contract, (2) a material breach, and (3) damages. Rollins, Inc. v. Butland, 951 So.2d 860, 876 (Fla. 2d DCA 2006). As to the first element, Dr. Havens’ complaint alleged that Coast and she entered into a valid employment agreement. The mutual obligations between the parties were that Dr. Havens promised to perform dentistry exclusively for Coast and to forgo all other employment opportunities for five years and that in exchange, Coast promised to provide a facility for Dr. Havens to perform and to compensate Dr. Havens for the specified term.
As to the second element, the complaint alleged that Coast materially breached the agreement by verbally notifying Dr. Havens that she would be suspended without pay effective immediately and by instructing Dr. Havens to vacate the workplace. The complaint points to Coast’s failure to perform its obligations under section 1, which sets the hours of her employment; section 3, which sets the length of the agreement at five years unless “terminated earlier in accordance with this agreement”; section 7, which allows immediate termination only for “cause”; and section 15, which requires all notices and communication to be in writing. It also alleged a breach of the terms of compensation. As such, the trial court’s order erroneously finds that the complaint “failed to allege a breach of any particular terms of the employment agreement.”
Finally, the complaint sufficiently pleaded the third element, damages. The complaint alleges that Dr. Havens was suspended without pay and was prohibited by the employment agreement from seeking other employment. Her damages include lost income anticipated throughout the balance of the term of the employment agreement.
The trial court erred in finding that Coast was free to suspend Dr. Havens without pay simply because the employment agreement was “silent as to suspensions.” By doing so, the court improperly attributed a substantive right into the contract that is absent from the employment agreement. Having authored the agreement, any ambiguity in the agreement must be construed against Coast. See City of Homestead v. Johnson, 760 So.2d 80, 84 (Fla.2000) (“An ambiguous term in a contract is to be construed against the drafter.”).
Accordingly, we reverse the final order of dismissal.
CASANUEVA and MORRIS, JJ„ Concur.