NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NATIONAL COLLEGIATE STUDENT   )
LOAN TRUST 2006-4, a Delaware )
Statutory Trust,              )
                              )
          Appellant,          )
                              )
v.                            )          Case No. 2D17-4158
                              )
KERRY MEYER,                  )
                              )
          Appellee.           )
_____)

Opinion filed March 1, 2019.

Appeal from the Circuit Court for
Hillsborough County; Claudia R. Isom,
Judge.

Kenneth L. Salomone of Aldridge, Pite &
Haan, LLP, Atlanta, Georgia; Kenneth L.
Salomone of Salomone Law Group,
Deerfield Beach (substituted as counsel of
record), for Appellant.

Jared M. Krukar and Dineen Pashoukos
Wasylik of DPW Legal, Tampa; and M.
Vincent Pazienza of Law Firm of M. Vincent
Pazienza, P.A., Lutz, for Appellee.


BLACK, Judge.

National Collegiate Student Loan Trust 2006-4, a Delaware Statutory Trust (NCSLT), challenges the order dismissing with prejudice its second amended complaint for breach of a loan agreement between Bank of America, N.A., and Kerry Meyer, as a cosignor and guarantor on the loan. We reverse the order of dismissal and remand for further proceedings.

Following the dismissal of its first two complaints for breach of a loan agreement, NCSLT filed its second amended complaint on May 1, 2017. The second amended complaint alleged that Sean Meyer, the borrower, and Kerry Meyer, a cosignor, executed a "loan request/credit agreement" with Bank of America for the purpose of obtaining a private education loan for the borrower to attend college; that the loan request/credit agreement specified that Ms. Meyer would be jointly liable for repayment of the loan; and that the loan was approved and a check payable to the borrower and Ms. Meyer was mailed to, endorsed, and deposited by the borrower and Ms. Meyer. NCSLT alleged that the borrower and Ms. Meyer agreed to the terms of the loan by endorsing and depositing the loan check and that the borrower and Ms. Meyer defaulted on the loan by failing to make the initial payment due on November 17, 2011. NCSLT also asserted that it is the entity entitled to enforce the terms of the loan as an assignee of the debt and that it is the owner of the loan debt pursuant to the "Pool Supplement and Deposit and Sale Agreement."

Multiple documents, including some unnecessary to the resolution of this appeal, were attached to and referenced in the second amended complaint. The loan request/credit agreement "information page" was the first attachment. The information page provides that it is a "Non-Negotiable Credit Agreement" and a "Consumer Credit

Transaction." The information page identifies the lender as Bank of America and the loan amount requested as $30,000 for an "education maximizer undergraduate loan." It bears an identification number, BK.06-07.CSX1.10DC.0206, and a secondary identification containing "Meyer" and ending in A104473793. The second page of the document bears the signatures of both the borrower and the cosignor, and it provides that "the holder of the loan can collect this debt from [the cosignor] without first trying to collect from the borrower" and that "by signing this credit agreement . . . [the cosignor] intends to (I) apply for joint credit and (II) be jointly liable with the borrower for this loan."

A "Note Disclosure Statement" was also attached to the complaint, identifying the loan number as 04473793, the amount financed as $30,000, and the borrowers as Sean Meyer and Kerry Meyer. Additionally, a copy of the endorsed check for $30,000, was attached to the complaint; it was drawn on a Bank of America check for The Education Resources Institute (TERI).

To support NCSLT's standing to enforce the terms of the loan agreement, it attached a document titled "2006-4 Pool Supplement," dated December 7, 2006, which provides that The First Marblehead Corporation, the servicer, and Bank of America (collectively, the Program Lender) "transfers, sells, sets over and assigns to The National Collegiate Funding LLC" (the LLC) the student loans set forth in the schedule identified as the Transferred Bank of America Loans, along with all of the Program Lender's rights and "any agreement pursuant to which TERI granted collateral for its obligations."[1] The LLC "in turn will sell the [loans] to [NCSLT]." A single page

---

[1]The relationship between The First Marblehead Corporation and Bank of America was established by reference and incorporation of the April 1, 2006, Note Purchase Agreement in the 2006-4 Pool Supplement.

"roster" for NCSLT then identifies a loan with the borrower's social security number (redacted) and a "GUARREF" number matching the loan number previously identified (04473793). The roster also provides that the disbursement date was November 3, 2006, and that the amount disbursed was $30,000. The deposit and sale agreement between the LLC and NCSLT was also attached, and it identifies loans by the pool supplements originating with a bank as part of one of its loan programs. One of those supplements is Bank of America's 2006-4 Pool Supplement, matching the roster's "loan product" information.

In moving to dismiss NCSLT's complaint for the third time, Ms. Meyer cited Florida Rule of Civil Procedure 1.140(b), and she argued that NCSLT failed to state a cause of action and that it lacked standing to bring the action.

The standard of review on an order granting a motion to dismiss is de novo. Belcher Ctr., LLC v. Belcher Ctr., Inc., 883 So. 2d 338, 339 (Fla. 2d DCA 2004). Because the order on appeal does not include findings of fact or conclusions of law and we do not have a transcript of the hearing to determine if one or both of the bases raised in Ms. Meyer's motion to dismiss resulted in the dismissal, we consider both arguments.

I.      Standing

"In determining whether to dismiss a complaint for lack of standing, [the court] must confine [its] review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept all well-pled allegations in the complaint as true." Llano Fin. Grp., LLC v. Yespy, 228 So. 3d 108, 111 (Fla. 4th DCA 2017) (quoting Gordon v. Kleinman, 120 So. 3d 120, 121 (Fla. 4th DCA 2013)). Generally, dismissals

with prejudice based upon the affirmative defense of a lack of standing are not proper. See, e.g., Lawson v. Frank, 197 So. 3d 1269, 1271 (Fla. 2d DCA 2016) ("Indeed, the substantive issue underlying the court's ruling—whether Mr. Lawson held sufficient standing to maintain this cause of action—is an affirmative defense that, unless raised in a responsive pleading, would be deemed waived."); Hartford Ins. Co. of Midwest v. O'Connor, 855 So. 2d 189, 190 n.1 (Fla. 5th DCA 2003) ("The issue of standing and the effect of the assignment were matters to be raised by Hartford as affirmative defenses, not in a motion to dismiss the complaint.").  However, "[i]f the face of the complaint contains allegations which demonstrate the existence of an affirmative defense, then such a defense may be considered on a motion to dismiss."  Papa John's Int'l, Inc. v. Cosentino, 916 So. 2d 977, 983 (Fla. 4th DCA 2005); see also Fla. R. Civ. P. 1.110(d) ("Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under rule 1.140(b); provided this shall not limit amendments under rule 1.190 even if such ground is sustained.").

There is nothing on the face of the second amended complaint to suggest that NCSLT does not have standing such that the affirmative defense should have been decided by a motion to dismiss.  See Wildflower, LLC v. St. Johns River Water Mgmt. Dist., 179 So. 3d 369, 373 (Fla. 5th DCA 2015).  The affirmative defense requires factual proof supporting it; this is a burden not on NCSLT, having sufficiently alleged that it is due the debt, but on Ms. Meyer.  See Hess v. Philip Morris USA, Inc., 175 So. 3d 687, 695 (Fla. 2015) ("The defendant has the burden to prove an affirmative defense." (citing Hough v. Menses, 95 So. 2d 410, 412 (Fla. 1957))); Nunez v. Alford, 117 So. 2d 208, 210 (Fla. 2d DCA 1960).

Substantively, "[s]tanding is . . . that sufficient interest in the outcome of litigation which will warrant the court's entertaining it." Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic, 913 So. 2d 1281, 1285 (Fla. 2d DCA 2005) (quoting Gen. Dev. Corp. v. Kirk, 251 So. 2d 284, 286 (Fla. 2d DCA 1971)). Here, NCSLT attached documents supporting its allegation of ownership by establishing the transfer or purchase of student loans from Bank of America to the LLC and from the LLC to NCSLT. Cf. Llano Fin., 228 So. 3d at 112 (affirming dismissal and concluding that alleging assignment of the note to the plaintiff was "not equivalent to alleging that the original lender assigned its right to pursue negligence claims"). This is sufficient to overcome a rule 1.140 motion to dismiss based on standing. See Landmark Funding, Inc. ex rel. Naples Syndications, LLC v. Chaluts, 213 So. 3d 1078, 1079 (Fla. 2d DCA 2017) ("The operative complaint in this case alleged ultimate facts demonstrating Landmark's membership both at the time of the suit and at the time of the alleged misconduct. The complaint contained no attachments that contradicted those allegations. As such, it was legally sufficient insofar as Landmark's standing is concerned and not properly subject to a motion to dismiss on that basis."). We note, however, that it may not be sufficient on a motion for judgment on the pleadings or summary judgment or to succeed at trial. Cf. Lovette v. Nat'l Collegiate Student Loan Tr. 2004-1, 149 So. 3d 735, 737 (Fla. 5th DCA 2014) (reversing final summary judgment where Trust failed to establish standing).

II.     Failure to state a cause of action

The cause of action alleged in the second amended complaint is a breach of contract—Ms. Meyers' failure to comply with the terms of the loan. NCSLT is seeking damages only.

"For . . . purposes of a motion to dismiss for failure to state a cause of action, allegations of the complaint are <u>assumed to be true</u> and <u>all reasonable inferences arising therefrom are allowed in favor of the plaintiff</u>." <u>Swope Rodante, P.A. v. Harmon</u>, 85 So. 3d 508, 509 (Fla. 2d DCA 2012) (quoting <u>Wallace v. Dean</u>, 3 So. 3d 1035, 1042-43 (Fla. 2009)). "A motion to dismiss tests the legal sufficiency of the complaint and does not determine factual issues." <u>Haskel Realty Grp., Inc. v. KB Tyrone, LLC</u>, 253 So. 3d 84, 85 (Fla. 2d DCA 2018) (quoting <u>Gann v. BAC Home Loans Servicing LP</u>, 145 So. 3d 906, 908 (Fla. 2d DCA 2014)). "To state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief." <u>Havens v. Coast Fla., P.A.</u>, 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013) (citing Fla. R. Civ. P. 1.110(b)).

"The elements of a breach of contract cause of action are: (1) a valid contract, (2) a material breach, and (3) damages." <u>Ferguson Enters. v. Astro Air Conditioning & Heating, Inc.</u>, 137 So. 3d 613, 615 (Fla. 2d DCA 2014) (citing <u>Havens</u>, 117 So. 3d at 1181). Rule 1.130(a) requires that "[a]ll bonds, notes, bills of exchange, contracts, accounts, or documents on which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, must be incorporated in or attached to the pleading." Attachments to the pleading are "considered a part thereof for all purposes." Fla. R. Civ. P. 1.130(b). The purpose of rule 1.130(a) "is to apprise the defendant of the nature and extent of the cause of action

so that the defendant may plead with greater certainty." Amiker v. Mid-Century Ins. Co., 398 So. 2d 974, 975 (Fla. 1st DCA 1981) (citing Sachse v. Tampa Music Co., 262 So. 2d 17, 19 (Fla. 2d DCA 1972)).  "A complaint based on a written instrument does not state a cause of action until the instrument or an adequate portion thereof, is attached to or incorporated in the complaint." Glen Garron, LLC v. Buchwald, 210 So. 3d 229, 233 (Fla. 5th DCA 2017) (quoting Contractors Unlimited, Inc. v. Nortrax Equip. Co. Se., 833 So. 2d 286, 288 (Fla. 5th DCA 2006)).  "Rule 1.130 does not require attachment of the entire contract, but only the attachment or the incorporation into the pleading of the material portions of the contract on which the action is based." Id.

Here, NCSLT alleged that (1) Ms. Meyer, as a cosignor and guarantor, had entered into a valid student loan agreement, attaching relevant pages of the signed credit agreement; (2) no payments on the student loan had been made, breaching the agreement; and (3) Ms. Meyer owed NCSLT damages in the amount of the loan principal plus interest.  This was sufficient to state a cause of action for breach of the agreement such that the second amended complaint should not have been dismissed. See Ferguson Enters., 137 So. 3d at 615 ("In count V, Ferguson alleged that the Hegeduses personally guaranteed repayment of Astro's debt, that the Hegeduses breached the guaranty by refusing to pay that debt, and that Astro and the Hegeduses owed Ferguson more than $90,000.  The allegations in count V were sufficient to state a cause of action for breach of the guaranty."); Student Loan Mktg. Ass'n v. Morris, 662 So. 2d 990, 991-92 (Fla. 2d DCA 1995) (reversing order dismissing complaint for failure to state a cause of action where complaint sufficiently complied with the rules of civil procedure).

The trial court erred in granting Ms. Meyer's motion to dismiss on either basis raised in the motion. Accordingly, we reverse the order of dismissal and remand for further proceedings.

Reversed and remanded.

NORTHCUTT and BADALAMENTI, JJ., Concur.