DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
————————————————

JAMES UZZELL,

Appellant,

v.

VELOCITY INVESTMENTS, LLC,

Appellee.

No. 2D2024-1801
————————————————

April 30, 2025

Appeal from the County Court for Pinellas County; John Carassas,
Judge.

James Uzzell, pro se.

Robert J. Lindeman of Marcadis Singer P.A., Tampa, for Appellee.

LABRIT, Judge.

James Uzzell challenges a summary disposition entered in favor of
Velocity Investments, LLC. *See* Fla. Sm. Cl. R. 7.135. Because Velocity
did not establish that there is no triable issue, we reverse and remand for
further proceedings.

Velocity filed a small claims action against Mr. Uzzell alleging that
Mr. Uzzell breached a loan agreement between him and Velocity's
predecessor, and that Mr. Uzzell owed Velocity $7,798.24 under several
theories. Velocity later moved for summary disposition pursuant to
small claims rule 7.135, which provides: "At pretrial conference or at any

subsequent hearing, if there is no triable issue, the court shall summarily enter an appropriate order or judgment."

Based on this rule, Velocity argued there were no genuine factual issues for trial, and it filed a records custodian affidavit with several exhibits in support. The affidavit states that "Defendant(s) opened an account with WebBank or a predecessor in interest, by virtue of entering into an Agreement . . . and did thereafter use or authorize the use of the account"; that "Defendant(s) has/have breached the Agreement by failing to make periodic payments as required thereby"; that the attached exhibits "substantiate the indebtedness of the Defendant(s) to the Plaintiff"; and that Velocity's books and records show that "Defendant(s) is/are currently indebted to [Velocity] for the just and true sum of $7,798.24." The exhibits to the affidavit include (1) an unsigned "Truth in Lending Disclosure Statement" identifying WebBank as a lender and Mr. Uzzell as a borrower; (2) an unsigned "Borrower Agreement" between "you" and WebBank;[1] (3) a "Bill of Sale" between LendingClub Corporation and Velocity; and (4) four miscellaneous spreadsheets. Of these documents, only the "Truth in Lending Disclosure Statement" bears Mr. Uzzell's name, and none bear his signature.

Mr. Uzzell filed a memorandum in opposition to Velocity's motion arguing that genuine issues of material fact exist. He maintained that Velocity didn't "establish the existence of a valid legal contract" or present anything "with a signature, verbal agreement, or digital acknowledgement." He also argued that Velocity failed to show "the amount that was lent . . . , the date on which the loan occurred, and the

---

[1] The agreement states that "BY ELECTRONICALLY SIGNING THIS AGREEMENT, YOU HAVE SIGNIFIED YOUR AGREEMENT TO [ITS] TERMS," but there are no electronic or other signatures present.

interest due, if any."  After a hearing, the trial court granted Velocity's motion, and it later entered summary final judgment for Velocity in the principal sum of $7,798.24.  Mr. Uzzell timely appealed.

We review de novo an order granting summary disposition under small claims rule 7.135.[2]  *Save A Lot Car Rental, Inc. v. Tri J. Co. Towing & Recovery, Inc.*, 325 So. 3d 285, 286–87 (Fla. 2d DCA 2021).  This rule, much like Florida Rule of Civil Procedure 1.510, requires a trial court to find that there is no triable issue as a matter of law before entering judgment for the movant.  *Id.* at 286.  Our role on appeal is also similar—to "examine the record to determine if there is 'any genuine issue of material fact' " that precludes summary disposition for the movant.  *Id.* at 287 (quoting *Nard, Inc. v. DeVito Contracting & Supply, Inc.*, 769 So. 2d 1138, 1140 (Fla. 2d DCA 2000)).

Mr. Uzzell argues, as he did below, that there are genuine factual issues because Velocity did not present anything with his signature on it or establish the existence of a contractual relationship.  We agree.  Velocity alleged that Mr. Uzzell breached a loan agreement, and the existence of a valid agreement was an element of its claim.  *See Nat'l Collegiate Student Loan Tr. 2006-4 v. Meyer*, 265 So. 3d 715, 719 (Fla. 2d DCA 2019).  The loan agreement that Velocity presented, however, contains neither Mr. Uzzell's name nor his signature.  *Cf. Nowlin v. Nationstar Mortg., LLC*, 193 So. 3d 1043, 1045 (Fla. 2d DCA 2016) ("No person or entity is bound by a contract absent the essential elements of offer and acceptance.").  And while there are ways to establish a valid agreement in the absence of a signed document, *see CNJ Realty Assocs.,*

<hr />

[2] We conduct our review within the confines of Mr. Uzzell's arguments.  And as Velocity points out, several of Mr. Uzzell's appellate arguments are unpreserved for our review.  *See Pulte v. New Common Sch. Found.*, 334 So. 3d 677, 680 (Fla. 2d DCA 2022).

*LLC v. Yankiv*, 399 So. 3d 1240, 1245 (Fla. 2d DCA 2025); *Morali v. Mayan*, 377 So. 3d 1182, 1184–85 (Fla. 4th DCA 2024); *Fonseca v. Taverna Imps., Inc.*, 212 So. 3d 431, 441 (Fla. 3d DCA 2017), Velocity did not make such a showing.  Thus, triable issues remain as to the loan agreement sued upon, and summary disposition for Velocity was improper.  *See Oracle Elevator Co. v. Omni at Coral Way, Inc.*, 332 So. 3d 1112, 1113 (Fla. 3d DCA 2022).

Additionally, to the extent Velocity proceeded under a theory of money lent, Velocity had to show that money was delivered to Mr. Uzzell, that the money was intended as a loan, and that Mr. Uzzell did not repay it.  *See CFLB Mgmt., LLC v. Mabipa Overseas, S.A.*, 341 So. 3d 1187, 1188 (Fla. 3d DCA 2022).  Velocity appeared to rely on the unsigned loan documents to satisfy these elements, but we agree with Mr. Uzzell that Velocity fell short of establishing what money was delivered to Mr. Uzzell as a loan.  This is yet another triable, disputed issue that remains.

We recognize "that the small claims rules are to 'be construed to implement the simple, speedy, and inexpensive trial of actions at law in county courts.' "  *Davis v. Clark*, 326 So. 3d 781, 784 (Fla. 2d DCA 2021) (quoting Fla. Sm. Cl. R. 7.010(a)).  But small claims rule 7.135 still requires that there be "no triable issue" before a case can be summarily disposed of, and at this stage basic elements of Velocity's claims are unproven and disputed.  We therefore reverse the summary final judgment for Velocity and remand for further proceedings.

Reversed and remanded.

BLACK and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

4