DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ROBERT E. SCHMIDT, JR., and STEPHEN G. THOMPSON,

Appellants,

v.

KARA THOBE and GULF COAST HOLDINGS, L.L.C.
d/b/a GENTLEMEN'S CLUB,

Appellees.

No. 2D2024-0994

_____

September 3, 2025

Appeal from the Circuit Court for Pinellas County; Michael F. Andrews, Judge.

Joshua S. Miller and Daniel S. Weinger of Luks, Santaniello, Petrillo, Cohen & Peterfriend, Tampa, for Appellants.

Brandon S. Vesely of The Florida Appellate Firm, P.A., St. Petersburg, for Appellee Gulf Coast Holdings, L.L.C.

No appearance for remaining Appellee.

SLEET, Judge.

Robert Schmidt and Stephen Thompson (Landlords) appeal the trial court's final order dismissing with prejudice their amended third-party complaint in which they alleged a claim of contractual indemnity against

Gulf Coast Holdings, LLC.[1]  Based on the four corners of the complaint and its attachments, we conclude that Landlords stated a cause of action that should have survived Gulf Coast's motion to dismiss.  We therefore reverse and remand for further proceedings.

Gulf Coast operated a business on property owned by Landlords, and Landlords were sued by a patron of that business, Kara Thobe, for injuries she sustained while on the property.  While that suit was pending, Landlords filed a third-party complaint against Gulf Coast, alleging that pursuant to the parties' lease agreement, Gulf Coast was contractually obligated to indemnify them "from any suit potentially related to the leased premises . . . against any and all . . . damages, liabilities, and expenses in connection to, upon, or at the leased premises or the occupancy or use by the tenant."  The indemnity provision existed in the original lease contract entered into in 1994 between Landlords and Gulf Coast's purported predecessor in interest William Wantland.

To the original third-party complaint, Landlords attached a portion of that lease, including the title page that identified the lease as being between Landlords and Wantland, but Landlords did not attach a lease signature page or any documents linking the lease to Gulf Coast.[2]  Gulf Coast moved to dismiss that complaint, arguing that Landlords had failed to attach, as necessary documents, a complete copy of the lease upon which the contractual indemnity count was based and a copy of Thobe's underlying complaint.  Gulf Coast maintained that "[g]iven the

---

[1] Landlords' amended third-party complaint also included a count for common law indemnity, but they voluntarily dismissed that count.

[2] The third-party complaint was first filed on September 15, 2021, but was initially dismissed based on Landlords' failure to obtain leave of court to file it.  Leave of court was subsequently obtained, and Landlords refiled the third-party complaint on July 29, 2022.

fact that there is no lease attached to the Third Party Complaint which even references the Third Party Defendant, the attachments conflict with the body of the Third Party Complaint." Following a hearing, the transcript of which is not included in the record on appeal, the trial court dismissed the complaint without prejudice in a written order that did not indicate the grounds for the ruling.

Landlords subsequently filed their amended third-party complaint, to which they attached, among other things, Thobe's underlying complaint and amended complaints and the complete original September 21, 1994, lease entered into by Landlords and their tenant Wantland with signature page and four lease amendments. The first amendment was "made as of March 14, 2001, by and between S & T Investments . . . as successor in interest to Robert E. Schmidt, Jr. and Stephen G. Thompson, and Jacobson Holdings, Inc. . . . as successor in interest to William Wantland." The second, third, and fourth amendments were between S & T Investments and "Gulf Coast Holdings, LLC D/B/A Oz Cabaret" and were entered into on June 23, 2004; June 17, 2008; and September 28, 2012, respectively. All of the amendments were signed by the parties; Paul Scagnelli signed the second, third, and fourth amendments for Gulf Coast, identifying himself as Gulf Coast's managing member.

The first amendment stated that "Landlord and Tenant are parties to a certain lease dated September 21, 1994 (the 'Lease') and *a certain Assignment, Assumption, and Consent Agreement dated March 13, 1999*, ('Assignment') pursuant to which Tenant leases certain space comprised of 5,133 square feet of space and identified as 13577 U.S. Highway 19 North, Clearwater, Florida." (Emphasis added.) And the second, third, and fourth amendments stated that "this extension shall be upon the

3

same terms, covenants and conditions as in the Lease and [prior] Lease Amendment[s] provided," with the exception that the rent amount changed.

Landlords also attached to the amended complaint a Landlord Consent and Certification dated April 4, 2001, which stated it was "given . . . by [Landlords] in favor of Jacobson Holding, Inc. d/b/a Jake's Cabaret ('Tenant'), as successor in interest to William Wantland, and Gulf Coast Holdings, L.L.C. ('Assignee')." However, the March 13, 1999, assignment from Wantland to Jacobson Holding was not attached.

Gulf Coast again moved to dismiss, arguing in its written motion as follows:

> [Landlords] failed to attach a full and complete copy of the lease *and all assignments* and amendments . . . to demonstrate that [Gulf Coast] is actually bound by the original lease['s] indemnity language as alleged.
> . . . .
> . . . Specifically, there is no Assignment, Assumption and Consent Agreement dated March 13, 1999 of the original 1994 lease from Mr. Wantland to Jacobson Holding, Inc., attached to and made a part of the Amended Third Party Complaint.

(Emphasis added.)

Maintaining that a litigant "must attach [to the complaint] the written instrument out of which [the] cause of action arose," counsel for Gulf Coast reiterated this argument at the hearing on the motion to dismiss, stating that "there [wa]s nothing that connects Mr. Wantland to Mr. Jacobson" and that because Landlords could not "connect [Gulf Coast] to the original lease with Mr. Wantland," the third-party complaint should be dismissed. The trial court agreed, finding "[s]pecifically that [Landlords] did not . . . connect [Gulf Coast] with the contract that

4

they've . . . attached" and that therefore "they [had] failed to meet their burden."

Landlords then filed a motion for rehearing, to which they attached the missing 1999 lease assignment, arguing that they should have been given a second opportunity to amend. Gulf Coast filed a response to the motion, arguing infirmities in the assignment, namely that it was not signed by two witnesses. The trial court denied the motion without a hearing. On appeal, Landlords argue that the trial court erred in determining that their failure to attach the 1999 lease assignment was a pleading deficiency that warranted dismissal. We agree.

We review an order granting a motion to dismiss de novo. *Nat'l Collegiate Student Loan Tr. 2006-4 v. Meyer*, 265 So. 3d 715, 718 (Fla. 2d DCA 2019). When ruling on a motion to dismiss, "a trial court is confined to the four corners of the complaint, and the material allegations of the complaint must be taken as true." *All Ins. Restoration Servs. v. Heritage Prop. & Cas. Ins.*, 338 So. 3d 448, 449 (Fla. 2d DCA 2022) (quoting *Belcher Ctr. LLC v. Belcher Ctr., Inc.*, 883 So. 2d 338, 339 (Fla. 2d DCA 2004)). Additionally, "[a]ny exhibit attached to a pleading must be considered a part thereof for all purposes," Fla. R. Civ. P. 1.130(b), and "[a]ll . . . contracts . . . or documents on which action may be brought or defense made . . . must be incorporated in or attached to the pleading," Fla. R. Civ. P. 1.130(a); *see also Meyer*, 265 So. 3d at 719 ("A complaint based on a written instrument does not state a cause of action until the instrument or an adequate portion thereof[] is attached to or incorporated in the complaint." (quoting *Glen Garron, LLC v. Buchwald*, 210 So. 3d 229, 233 (Fla. 5th DCA 2017))).

By the plain language of rule 1.130(a), its provisions only apply to documents "on which action may be brought or defense made." An

5

instrument need not be attached "merely because [it] is material to the allegations made in the pleading[] or merely because the instrument is relevant to an issue that will be raised in the case. The question is . . . whether the action . . . is derived from the instrument itself." *Summerlin v. L3 Commc'ns Integrated Sys., LP*, 348 So. 3d 673, 677 (Fla. 1st DCA 2022) (citation omitted) (quoting Philip J. Padovano, *Fla. Civ. Prac.*, § 7:19 n.1 (2022 ed.)).

Here, Landlords sought contractual indemnification from Gulf Coast based on article 6, section 6.01 of the original lease agreement, which is titled "Indemnification and No Liability of Landlord." Accordingly, the instrument from which the action is derived is the original lease agreement. That document, complete with signature page and signed amendments, was attached to Landlords' amended third-party complaint. And contrary to the trial court's determination, those amendments clearly tie Gulf Coast to the original lease. The second, third, and fourth amendments are signed by Scagnelli as Gulf Coast's managing member, and each states that it is entered "upon the same terms, covenants and conditions as in the Lease and [prior] Lease Amendment[s] provided," with the only exception being the amount of rent due.

Landlords also attached the 2001 assignment of the original lease from Jacobson Holdings, "as successor in interest to William Wantland," to Gulf Coast, which was designated in the document as the "Assignee." Although the 1999 assignment from Wantland to Jacobson Holding is not attached, that instrument is referenced in the first amendment to the lease, which states:

> THIS LEASE AMENDMENT NO. 1 (this "Amendment") is made as of March 14, 2001, by and between S & T INVESTMENTS ("Landlord"), as successor in interest to

6

Robert E. Schmidt, Jr. and Stephen G. Thompson, and JACOBSON HOLDING, INC. d/b/a JAKE'S CABARET ("Tenant") as successor in interest to William Wantland.

. . . .

WHEREAS, Landlord and Tenant are parties to a certain lease dated September 21, 1994 (the "Lease") *and a certain Assignment, Assumption and Consent Agreement dated March 13, 1999 ("Assignment") pursuant to which Tenant leases certain space* comprised of 5,133 square feet of space and identified as 13577 U.S. Highway 19 North, Clearwater, Florida . . . .

(Emphasis added.)

Although Landlords may eventually have to produce the chain of assignments from the original tenant Wantland to Jacobson Holding and then to Gulf Coast in order to prove their case at trial,[3] we are only at the motion to dismiss stage, and "[a] motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues." *Fla. Bar v. Greene*, 926 So. 2d 1195, 1199 (Fla. 2006). At this stage, "the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party." *Id.* "The purpose of [the pleading requirement in] rule 1.130(a) 'is to apprise the defendant of the nature and extent of the cause of action so that the defendant may plead with greater certainty.' " *Meyer*, 265 So. 3d at 719 (quoting *Amiker v. Mid-Century Ins.*, 398 So. 2d 974, 975 (Fla. 1st DCA 1981)).

Landlords' amended third-party complaint and its attachments make clear that Landlords are seeking indemnification for Thobe's damages from Gulf Coast based on the indemnification clause found in

---

[3] Landlords' burden of proof to ultimately prevail on their contractual indemnity claim is not before this court in this appeal, and nothing in this opinion should be read as a comment on that issue.

the original lease agreement to which Gulf Coast obligated itself by amendments and the 2001 assignment. Gulf Coast cannot reasonably claim that it has not been "apprise[d] . . . of the nature and extent" of Landlords' cause of action. *See id.*; *cf. Summerlin*, 348 So. 3d at 677 ("Given the comprehensive nature of [appellant's] allegations, there was no mystery about the relief she was requesting.").

Because Landlords stated a cause of action for contractual indemnity in their amended third-party complaint and its attachments, the trial court erred in granting Gulf Coast's motion to dismiss. We therefore reverse the final judgment in favor of Gulf Coast and remand for further proceedings.[4]

Reversed and remanded.

KELLY and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

---

[4] Because we conclude that the trial court erred in granting the motion to dismiss, we need not address Landlords' other argument on appeal that the court erred in granting that dismissal with prejudice.