SALTER, J.
The Rodriguezes appeal the involuntary-dismissal of their complaint against Dennis Nieves and Dennis’ company, Trust Management Group, LLC, for fraudulent transfer under section 726.106(1), Florida Statutes (2004). We affirm.
The plaintiffs, Jose Ramon Rodriguez and Silvia A. Rodriguez, established two of three required statutory elements: that they were “creditors] whose claim arose before the transfer was made or the obligation was incurred,” and that the debtor in the proceedings supplementary,[1] Jose Nieves, was insolvent when he made certain transfers to the appellees. The third element, however, was not established— that Jose Nieves made the transfers “without receiving a reasonably equivalent value in exchange for the transfer[s].”
Viewing the plaintiffs’ five exhibits and deposition transcript (as admitted into evidence) in the light most favorable to the Rodriguezes, there is no evidence establishing any equity in the property conveyed by Jose Nieves to his brother Dennis Nieves at the time of the transfer in May 2005. The exhibits do establish that Dennis Nieves (through his company, ap-pellee Trust Management Group), loaned his brother $120,000 in June 2004 to pay down Jose Nieves’ indebtedness on the property he had contracted to sell to the Rodriguezes.[2] A second promissory note and mortgage on another piece of property evidenced a $195,000 loan by Trust Management Group to Jose Nieves in May 2004. The mortgage was recorded and all applicable recording fees and taxes were paid. The Rodriguezes did not prove that Jose Nieves executed the note and mortgage for less than equivalent value. It was not the burden of Dennis Nieves or Trust Management Group to produce evidence (in the plaintiffs’ case against them) that they actually loaned those amounts to Jose Nieves.
The Rodriguezes argue that Dennis Nieves and Trust Management Group ultimately were able to recover one of the loans (and, arguably, some additional sum) from a sale of the mortgaged property in June 2006. But that fact is not in any way probative of whether Dennis Nieves and Trust Management Group actually advanced funds (equivalent value) to Jose Nieves in exchange for the May and August 2004 notes and mortgages, or what equity (if any) may have existed in the mortgaged property when Jose Nieves deeded it to Dennis Nieves in May 2005. Those critical facts were not proven.
This deficit is evident upon a review of reported cases in which creditors have demonstrated that a transferee did or did not provide reasonably equivalent value. *341 In Huntsman Packaging Corp. v. Kerry Packaging Corp., 992 F.Supp. 1439 (M.D.Fla.1998), aff'd, 172 F.3d 882 (11th Cir.1999), a secured creditor took back all of an insolvent manufacturer’s assets for the forgiveness of indebtedness (approximately $800,000), proven to be substantially less than the evidence of value of those assets (between $1,700,000 and $3,500,000) at that time. On that record, the trial court found all three elements of section 726.106(1) were satisfied. Id. at 1446. In United States v. Executive Auto Haus, Inc., 234 F.Supp.2d 1253, 1257 (M.D.Fla.2002), the trial court granted summary judgment to a defendant transferee who had satisfied or assumed various debts of the debtor transferor, thus eliminating the plaintiff creditor’s ability to prove that the debtor made the transfer “without receiving reasonably equivalent value in exchange for the transfer.... ”
In the case at hand, the arbitrator’s 2005 award and finding in the original Rodriguez-Jose Nieves case (admitted into evidence in the 2009 trial of the proceeding supplementary against Dennis Nieves and Trust Management Group) found that the testimony of Jose Nieves established that his brother “was the one who advanced the funds for him to pay down the mortgages.” [3] There was no evidence in the 2009 trial that Jose Nieves’ deed to Dennis Nieves in 2005, subject as it was to the previously-recorded mortgage in favor of Trust Management Group, was for less than equivalent value. A sale more than a year later does not establish value at the time of transfer, nor does it address the mortgage indebtedness on the property at the time of transfer. And, again, it was not the appellees’ burden to establish the element of “without reasonably equivalent value.” For these reasons, we affirm the trial court’s final judgment of involuntary dismissal and the order denying rehearing.
Affirmed.

. Section 56.29, Florida Statutes (2007).

. The loan was evidenced by a note and mortgage; the. mortgage was recorded and all applicable recording fees and taxes were paid. Jose Nieves encumbered a Coconut Grove parcel and used the proceeds in an effort to permit his transaction with Mr. and Mrs. Rodriguez to be closed.

. The award found that these paydowns to Chase Manhattan and Wachovia totaled $160,000.00 and were required in order to avert a foreclosure on the property Jose Nieves had contracted to sell the Rodriguezes.