# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1975
Lower Tribunal No. 23-1757-CA-01
_____

**Arbor Grove Development, LLC,**
Appellant,

vs.

**ECS1, Inc., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Brodsky Fotiu-Wojtowicz, and Benjamin H. Brodsky and Robert S. Visca, for appellant.

BergaLaw, PA, and Christopher G. Berga, for appellee ECS1, Inc.

Before SCALES, C.J., and EMAS and FERNANDEZ, JJ.

SCALES, C.J.

Appellant Arbor Grove Development, LLC ("Arbor Grove") appeals an October 19, 2024 final summary judgment in favor of the plaintiff below, appellee ESC1, Inc. ("ESC1"), on ESC1's fraudulent transfer claims brought pursuant to Florida's Uniform Fraudulent Transfer Act ("FUFTA"). See § 726.105, Fla. Stat. (2023); § 726.106, Fla. Stat. (2023). In the challenged summary judgment, the trial court found that Oak Park LLC ("Oak Park"), Arbor Grove's co-defendant below, breached the agreement between Oak Park and ESC1 by not paying ESC1 for the services ESC1 performed for Oak Park related to Oak Park's failed development of real property Oak Park owned in Coconut Grove, Florida. Relevant to this appeal, in the challenged summary judgment the trial court also found that Oak Park's transfer of real property to Arbor Grove during the pendency of ESC1's breach of contract action was fraudulent under FUFTA. In the judgment, the trial court fashioned the remedy of making Arbor Grove jointly and severally liable to ECS1 for Oak Park's breach of contract judgment.[1]

---

[1] Oak Park is not a party to this appeal and did not separately appeal the trial court's entry of final summary judgment against it on ESC1's breach of contract claim. This appeal, therefore, addresses only the trial court's entry of final summary judgment against Arbor Grove on ESC1's FUFTA claims.

Underpinning the trial court's FUFTA findings of both constructive and actual fraud was its determination that, as a matter of law, Oak Park did not receive "a reasonably equivalent value" in exchange for its transfer of the subject property to Arbor Grove.[2] The trial court seems to have concluded that, because Oak Park received no money for the transfer, Oak Park necessarily received no "reasonably equivalent value."

Under FUFTA, though, "value" has a broader definition than just money. See § 726.104(1)-(2), Fla. Stat. (2023).[3] In opposition to ECS1's

---

[2] The transferor receiving a reasonably equivalent value from the transferee is a factor (i) required for a finding of constructive fraud, see § 726.105(1)(b), Fla. Stat. (2023); § 726.106(1), Fla. Stat. (2023), and (ii) that may be, and in this case was, considered by the trial court in determining intent to commit actual fraud. See § 726.105(2)(h), Fla. Stat. (2023).

[3] FUFTA defines "value" as follows:

(1) Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied, but value does not include an unperformed promise made otherwise than in the ordinary course of the promisor's business to furnish support to the debtor or another person.

(2) For the purposes of ss. 726.105(1)(b) and 726.106, a person gives a reasonably equivalent value if the person acquires an interest of the debtor in an asset pursuant to a regularly conducted, noncollusive foreclosure sale or execution of a power of sale for the acquisition or disposition of the interest of the debtor upon default under a mortgage, deed of trust, or security agreement.

summary judgment motion, Arbor Grove presented summary judgment evidence that, in consideration for the subject transfer, Arbor Grove assumed Oak Park's substantial mortgage debt on the subject property and accepted responsibility for satisfying outstanding contractor claims and liens on the property. See Rodriguez v. Nieves, 75 So. 3d 339, 341 (Fla. 3d DCA 2011) (recognizing that a transferee's satisfaction or assumption of the transferor's debts is evidence of reasonably equivalent value); Ming Props., Inc. v. Stardust Marine, S.A., 741 So. 2d 554, 556 (Fla. 4th DCA 1999) (observing that a transferee's assumption and satisfaction of the mortgage on transferred property "must be considered as valuable consideration, pursuant to [section 726.104(1)]").

In sum, our de novo[4] review of the summary judgment record reveals a genuine dispute as to whether Oak Park received reasonably equivalent value in exchange for its transfer of the subject property to Arbor Grove. We, therefore, are compelled to reverse that portion of the trial court's summary

---

§ 726.104(1)-(2), Fla. Stat. (2023).

[4] We review de novo an order granting summary judgment. See Fernandez v. Old Republic Nat'l Title Ins. Co., 406 So. 3d 299, 303 n.3 (Fla. 3d DCA 2025). Similarly, we review de novo the trial court's application of the controlling statutes. See Giller v. Grossman, 327 So. 3d 391, 393 (Fla. 3d DCA 2021).

judgment related to the FUFTA claims against Arbor Grove and remand for further proceedings.

Reversed and remanded.